Ulysses L. ROSEMOND, Appellant,

v.

Maha Khalifa AL–LAHIQ,
M.D., Appellee.

No. 14–08–00550–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 4, 2009.

Dawn Renee Meade, Krista Renee Fuller, The Spencer Law Firm, P.C., Houston, Seshasayee Kalapatapu, for appellant.

Larry D. Thompson, Scott Benjamin Novak, Lorance & Thompson, Houston, for appellee.

Panel consists of Chief Justice HEDGES, and Justices YATES and FROST.

## MEMORANDUM OPINION

KEM THOMPSON FROST, Justice.

This appeal arises from the trial court's granting of a physician's motion to dismiss health-care liability claims. The physician moved to dismiss the claims, alleging that the plaintiff's medical expert report was insufficient and not timely served under section 74.351 of the Texas Civil Practice and Remedies Code. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Ulysses L. Rosemond filed health-care liability claims against a hospital and appellee physician Maha Khalifa Al–Lahiq. In his live petition, dated October 11, 2007, Rosemond claimed that the hospital and Dr. Al–Lahiq negligently failed to order physical therapy for him during his hospitalization in September 2007, to prevent the onset of contractures [1] that he claims caused injuries and damages. According to the petition, Dr. Al–Lahiq repeatedly indicated that she ordered physical therapy when questioned

1. According to Rosemond's petition, contractures are the "chronic loss of joint motion due to structural changes in a non-bony tissue" that can affect any joint in the body.

about Rosemond's developing contractures.

In attempting to comply with section 74.351 of the Texas Civil Practice and Remedies Code,[2] Rosemond designated Dr. Howard Katz, a doctor of physical medicine and rehabilitation, as an expert witness to provide a written expert report and his curriculum vitae. Rosemond claimed to have faxed the expert report and curriculum vitae to both the hospital and Dr. Lahiq's attorneys on February 6, 2008, two days before the expiration of the 120–day deadline imposed in section 74.351(a).

Dr. Al–Lahiq first filed a motion to dismiss Rosemond's claims, asserting that Rosemond did not timely file an expert report in accordance with section 74.351(a).[3] Dr. Al–Lahiq next filed a motion to dismiss Rosemond's claims and made that motion subject to the first motion, challenging both Dr. Katz's qualifications to provide an opinion in the expert report and the adequacy of the report in meeting the requirements of section 74.351.[4] Dr. Al–Lahiq then filed a supplemental motion to dismiss the claims under section 74.351, alleging that she was not timely served with the expert report within 120 days, in anticipation of Rosemond's claims that two confirmation pages from a fax machine indicated receipt of the expert reports that Rosemond claimed to have served on both the hospital and Dr. Al–Lahiq.[5]

The trial court held a hearing on the motions. The trial court dismissed Rosemond's claims in an order entitled, "Order Sustaining Defendant, Maha Khalifa Al–Lahiq, M.D.'s Objections to the Sufficiency of Plaintiff's Expert Report and Granting Defendant's Motion for Dismissal Pursuant to Tex. Civ. Prac. & Rem.Code § 74.351." Rosemond, in three issues, challenges the trial court's dismissal of his claims, claiming the trial court abused its discretion in dismissing the claims under section 74.351.

2. Unless otherwise stated, all references in this opinion to a section are to the corresponding section of the Texas Civil Practice and Remedies Code.

3. In her motion entitled, "Defendant, Maha Khalifa Al–Lahiq, M.D.'s Motion for Dismissal Pursuant to Tex. Civ. Prac. & Rem.Code § 74.351," and dated February 22, 2008, Dr. Al–Lahiq alleged that the 120–day deadline for filing an expert report had expired and that Rosemond did not seek any extension of time to file the report. The record also reflects that as of February 18, 2008, the hospital claimed that Rosemond had not served the hospital with an expert report either and accordingly filed a motion to dismiss the claims with prejudice. Rosemond's claims against the hospital eventually were dismissed without prejudice.

4. This motion, dated February 26, 2008, was entitled "Defendant, Maha Khalifa Al–Lahiq, M.D.'s Objection to the Sufficiency of the Plaintiff's Expert Report and Motion to Dismiss Made Subject to Defendant's Motion for Dismissal Pursuant to Tex. Civ. Prac. & Rem.

Code § 74.351." In this motion, Dr. Al–Lahiq moved to dismiss the claims, alleging that the expert report was both so deficient that it was tantamount to having filed no report at all and untimely served within the 120–day deadline.

5. The supplemental motion included a sworn affidavit from an information technology administrator, employed by Dr. Al–Lahiq's counsel, who verified that the law firm's fax log did not reflect that any such document was received by the firm between the dates of January 3, 2008, and February 27, 2008. Although, it is clear from the record that Dr. Al–Lahiq eventually received the expert report and a curriculum vitae setting forth Dr. Katz's credentials, it is unclear on what date Dr. Al–Lahiq received these documents. The transcript from the hearing reflects that Rosemond's attorney claimed to have provided a copy of the expert report to Dr. Al–Lahiq after Dr. Al–Lahiq filed the initial motion to dismiss.

## II. STANDARD OF REVIEW

We review a trial court's ruling on a motion to dismiss health care liability claims for alleged untimely service under an abuse-of-discretion standard. *Mokkala v. Mead,* 178 S.W.3d 66, 70 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). A trial court's determination regarding the adequacy of an expert report is also reviewed under an abuse-of-discretion standard. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 875 (Tex.2001). The trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to guiding rules or principles. *See Broders v. Heise,* 924 S.W.2d 148, 151 (Tex.1996); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). An abuse of discretion does not occur merely because the appellate court may have decided a discretionary matter in a different way than the trial court. *Downer,* 701 S.W.2d at 242. In our review, we defer to the trial court's factual determinations, but we review questions of law de novo. *Mokkala,* 178 S.W.3d at 70. To the extent that resolution of the issue before the trial court requires interpretation of the statute, we review under a de novo standard. *Id.; see also Univ. of Tex. Health Sci. Ctr. v. Gutierrez,* 237 S.W.3d 869, 871 (Tex.App.-Houston [1st Dist.] 2007, pet. denied).

## III. ANALYSIS

In its order, the trial court both sustained Dr. Al–Lahiq's objections to the sufficiency of the report and granted Dr. Al–Lahiq's motion for dismissal under section 74.351. Rosemond claims in his third issue that if the basis of the trial court's dismissal was for "failure to timely serve the expert report," the trial court abused its discretion in dismissing the claims because fact issues remain regarding service of the report under section 74.351.

Under section 74.351, a claimant, not later than the 120th day after the date a health-care-liability claim is filed, must serve on each party one or more expert witness reports addressing liability and causation. TEX. CIV. PRAC. & REM.CODE ANN. §§ 74.351(a), (j) (Vernon 2005); *Lewis v. Funderburk,* 253 S.W.3d 204, 205 (Tex. 2008). Because the term "serve," is not defined in section 74.351, to fulfill the requirements of section 74.351(a), a claimant seeking to serve an expert report on a medical care provider under section 74.351(a) must comply with Texas Rule of Civil Procedure 21a, entitled "Methods of Service." *Awoniyi v. McWilliams,* 261 S.W.3d 162, 164 (Tex.App.-Houston [14th Dist.] 2008, no pet.); *Gutierrez,* 237 S.W.3d at 872. This rule authorizes four methods of service upon a party: (1) by delivery in person, by agent, or by courier-receipted delivery; (2) by certified or registered mail; (3) by telephonic document transfer, such as fax; or (4) by any such other manner as the court directs in its discretion. TEX.R. CIV. P. 21a; *Gutierrez,* 237 S.W.3d at 872.

Under Rule 21a, "[a] certificate by a party to an attorney of record, or the return of an officer, or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service." TEX.R. CIV. P. 21a; *Spiegel v. Strother,* 262 S.W.3d 481, 486 (Tex.App.-Beaumont 2008, no pet.). When a party has certified that service was made by telephonic transfer to the correct number, a rebuttable presumption arises that service was actually effected and the addressee was served. *See* TEX.R. CIV. P. 21a; *Thomas v. Ray,* 889 S.W.2d 237, 238 (Tex.1994); *Spiegel,* 262 S.W.3d at 483; *see also Berger v. King,* No. 01–06–00871–CV, 2007 WL 1775991, at *3 (Tex.App.-Houston [1st Dist.] June 21, 2007, pet. denied) (mem. op.) (involving service by fax under Rule 21a). The pre-

sumption, however, "vanishes" when a party presents verified proof of non-receipt. *See* Tex.R. Civ. P. 21a; *Thomas,* 889 S.W.2d at 238 (requiring verified proof of non-receipt); *Spiegel,* 262 S.W.3d at 483, 484, 486. Absent verified proof to the contrary, the presumption has the force of a rule of law. *Thomas,* 889 S.W.2d at 238.

▉ It is undisputed that the 120–day period in section 74.351(a) expired on February 8, 2008 (hereinafter the "Statutory Deadline"). The record contains an affidavit from Rosemond's trial counsel in which she affirmed that on February 6, 2008, two days before the Statutory Deadline, she encountered difficulties in transmitting the expert report, and accordingly, used another entity's fax machine. In the affidavit, she stated, "The 15–page report was faxed to Dr. Al–Lahiq's attorney, Larry Thompson at fax number 713–864–4671. The report was faxed at 4:15 p.m. and was delivered 'o.k.'" In addition to attaching Dr. Katz's expert report and his curriculum vitae, Rosemond attached to the affidavit two facsimile pages printed from the borrowed fax machine, which indicate the "result" of "OK," as evidence that Dr. Al–Lahiq and the hospital were served with the expert report before the expiration of the Statutory Deadline. Under Rule 21a, this affidavit and the attached fax confirmation pages filed with the trial court gave rise to a rebuttable presumption that service was effected. *See* Tex.R. Civ. P. 21a; *Spiegel,* 262 S.W.3d at 486; *see also Berger,* 2007 WL 1775991, at *3 (involving notice of hearing faxed to the correct number as giving rise to presumption under Rule 21a). However, the Rule 21a presumption of service vanished because Dr. Al–Lahiq rebutted the presumption of service by offering evidence of non-receipt. *See* Tex.R. Civ. P. 21a; *Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex.1987) (determining that presumption of service vanishes

upon proof of non-receipt); *see also Patel v. Williams,* No. 11–06–00254–CV, 2007 WL 632989, at *3 (Tex.App.-Eastland 2007, no pet.) (involving conflicting evidence as to whether a party achieved service under Rule 21a of an expert report within the 120–day deadline under section 74.351(a)). The record reflects that both the hospital and Dr. Al–Lahiq filed motions to dismiss Rosemond's claims on the basis that the expert report was not timely served in accordance with section 74.351(a). Dr. Al–Lahiq filed a supplemental motion and attached to it a sworn affidavit from an information technology administrator in the defense counsel's law firm asserting that he reviewed the firm's electronic logging system, "received fax log," and "incoming electronic faxes." The administrator verified that the law firm received no such document from either of the fax numbers specified by Rosemond on February 6, 2008, or on the days immediately preceding or following that date.

After a hearing on the hospital's motion and Dr. Al–Lahiq's motions, the trial court issued an order sustaining Dr. Al–Lahiq's objections to the substantive adequacy of the expert report and granting Dr. Al–Lahiq's motion to dismiss. Although Rosemond established the presumption of timely service, Dr. Al–Lahiq offered other evidence to rebut the presumption. *See Cliff,* 724 S.W.2d at 780; *see also Patel,* 2007 WL 632989, at *3 (involving attorneys' affidavits providing conflicting evidence as to whether a party complied with Rule 21a in serving an expert report within the 120–day deadline set forth in section 74.351(a)). Consequently, the parties presented the trial court with conflicting evidence of service under Rule 21a in accordance with the 120–day deadline imposed by section 74.351(a). *See Patel,* 2007 WL 632989, at *3.

 By filing a motion to dismiss, alleging Rosemond's failure to serve the expert report within the 120–day deadline, Dr. Al–Lahiq challenged the timeliness of service of the expert report. *See id.* The trial court had the authority to determine on what date the expert report was actually received. *See* Tex.R. Civ. P. 21a (authorizing a trial court to extend time or grant other relief deemed just upon finding that service under Rule 21a was not received); *Bohannon v. Winston,* 238 S.W.3d 535, 537–38 (Tex.App.-Beaumont 2007, no pet.); *see also Patel,* 2007 WL 632989, at *3. Because no findings of fact or conclusions of law were requested or filed, the trial court's order is entitled to additional deference. *See Patel,* 2007 WL 632989, at *3. We must uphold the trial court's order on any legal theory supported by the record. *See Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978); *Thoyakulathu v. Brennan,* 192 S.W.3d 849, 854 n. 6 (Tex.App.-Texarkana 2006, no pet.) (involving a failed fax transmission in serving an expert report); *see also Patel,* 2007 WL 632989, at *3. Likewise, we must imply any necessary fact findings. *See Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992); *see also Patel,* 2007 WL 632989, at *3. On this basis, we must imply a finding that the expert report was not timely served. *See Patel,* 2007 WL 632989, at *3 (implying finding of timely service of expert report under Rule 21a when in the face of attorneys' conflicting affidavits regarding timely service within 120 days, the trial court did not make determination of when the report was actually served, but rather denied the doctor's motion to dismiss). ·

 The parties do not dispute the Statutory Deadline. The record contains conflicting evidence as to whether Rosemond timely served the expert report within the deadline set forth in section 74.351(a). *See id.* Because the trial court granted Dr.

Al–Lahiq's motion to dismiss, we must infer that the trial court resolved any factual dispute regarding timely service of the expert report under Rule 21a in favor of Dr. Al–Lahiq by determining that the expert report was not timely served within the 120–day period prescribed by section 74.351(a). *See id.* As fact-finder, the trial judge was solely responsible for resolving any conflicts in the evidence. *See id.* We cannot say that the trial court abused its discretion in resolving this conflict. *See id.*

 Section 74.351(b)(2), provides:

If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall enter an order that

(1) awards to the affected physician or health care provider reasonable attorney's fees and costs of the court incurred by the physician or health care provider; and

(2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

Tex. Civ. Prac. & Rem.Code Ann. § 74.351(b)(2) (Vernon 2005). Under subsection (b), absent an agreement among the parties for an extension of time to serve the expert reports, a trial court has no discretion but to dismiss the case with prejudice and award reasonable attorney's fees and costs if a claimant failed to meet the 120–day deadline in subsection (a). *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(b); *Rivenes v. Holden,* 257 S.W.3d 332, 336 (Tex.App.-Houston [14th Dist.] 2008, pet. denied) (providing that when an expert report is not timely served, the trial court must dismiss the case with prejudice under section 74.351(b)); *Thoyakulathu,* 192 S.W.3d at

852 (involving a failed fax transmission in serving an expert report within the 120–day deadline). In this case, neither the record nor the parties suggest that the parties agreed to an extension of time in serving the expert report. *See Mokkala*, 178 S.W.3d at 76. Therefore, the trial court did not abuse its discretion in dismissing Rosemond's claims under section 74.351(b)(2). *See Awoniyi*, 261 S.W.3d at 164; *Thoyakulathu*, 192 S.W.3d at 852; *see also Patel*, 2007 WL 632989, at *3. Accordingly, we overrule Rosemond's third issue.

█ Likewise, the trial court did not abuse its discretion in not allowing thirty days to cure any alleged deficiencies in the report because the report was not timely filed. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b) (providing that a trial court may dismiss claims with prejudice if an expert report is not timely filed within the period specified by section 74.351(a)); *Thoyakulathu*, 192 S.W.3d at 852–53 (declining to apply thirty-day extension to cure deficiencies in an expert report when the report was not timely served). Therefore, we overrule Rosemond's second issue.

Because we conclude that the trial court did not abuse its discretion in dismissing the claims based on a determination that the expert report was not timely filed in accordance with section 74.351(a), we do not reach the merits of Rosemond's first issue in which he claims the trial court abused its discretion in dismissing his claims because the expert report sufficiently met the requirements of section 74.351(r)(6). *See St. Luke's Episcopal Hosp. v. Poland*, 288 S.W.3d 38, 45–46 (Tex.App.-Houston [1st Dist.] 2009, pet. filed) (op. on reh'g) (declining to consider whether an expert report was substantively deficient in light of conclusion that the expert report was not timely filed in accordance with section 74.351(a) and Rule 21a);

*Estate of Regis ex Rel. McWashington v. Harris County Hosp. Dist.*, 208 S.W.3d 64, 69 (Tex.App.-Houston [14th Dist.] 2006, no pet.).

The trial court's judgment is affirmed.