Ulysses L. ROSEMOND, Petitioner,

v.

Maha Khalifa AL–LAHIQ,
M.D., Respondent.

No. 09–0830.

Supreme Court of Texas.

Jan. 21, 2011.

Dawn R. Meade, Krista Renee Fuller, The Spencer Law Firm, Houston, TX, for Ulysses L. Rosemond.

Larry D. Thompson, David J. Escobar, Scott Benjamin Novak, Lorance & Thompson, P.C., Houston, TX, for Al-Lahiq, M.D., Maha Khalifa.

PER CURIAM.

In the underlying suit, a physician filed three motions to dismiss, each alleging the

plaintiff's failure to comply with the expert report requirements of section 74.351 of the Texas Civil Practice and Remedies Code. Two of the motions were premised on timeliness objections and one on adequacy. The trial court dismissed the plaintiff's claims by signing an order attached to the motion attacking the report's adequacy. The court of appeals affirmed, implying a finding that the report was not timely served as required by section 74.351(a). We conclude the court of appeals erred when it implied such a finding because (1) that finding was not necessary to support the judgment, and (2) the trial court implicitly overruled the motions asserting untimely service. We accordingly reverse the court of appeals' judgment and remand the case to that court to review the remaining basis for dismissal: the report's adequacy under section 74.351($l$), (r)(6).

On October 11, 2007, Ulysses Rosemond sued Memorial Hermann Hospital System (the Hospital), Dr. Maha Khalifa Al–Lahiq, and other entities, alleging that their failure to provide physical therapy while he was immobilized and subject to prolonged bed rest caused him to develop severe contractures.[1] Rosemond's counsel faxed an expert report and curriculum vitae to attorneys for both the Hospital and Dr. Al–Lahiq on February 6, 2008, two days before the 120–day statutory deadline required for health care liability claims. TEX. CIV. PRAC. & REM.CODE § 74.351(a). Rosemond's counsel experienced technical difficulties faxing the report by computer, and ultimately a paralegal faxed the report using the fax machine of an engineering company that shared office space with the law firm. The fax transmissions yielded a confirmation sheet for each indicating that the transmission took about four minutes and that the result was "OK." The Hospital, which was later non-suited, apparently admits it received the fax containing the expert report. Dr. Al–Lahiq's law firm maintains it did not.

After the 120–day deadline for serving the expert report had passed, Dr. Al–Lahiq filed three motions to dismiss. Two of the motions asserted failure to timely serve an expert report as the ground for dismissal. The other was based on an objection to the adequacy of the expert report and requested dismissal on that basis.

The first motion, filed on February 22, 2008, was styled "Motion for Dismissal Pursuant to TEX. CIV. PRAC. & REM.CODE § 74.351." It asserted that as of February 8, 2008 (the 120–day deadline), Dr. Al–Lahiq had not been served with an expert report. The motion accordingly requested dismissal with prejudice for failure to timely serve an expert report. *See id.* § 74.351(b).

The second, an "Objection to the Sufficiency of Plaintiff's Expert Report and Motion to Dismiss Made Subject to Defendant's Motion for Dismissal Pursuant to TEX. CIV. PRAC. & REM.CODE § 74.351," was filed February 26, 2008. The motion was specifically subject to the prior motion asserting lack of timely service, not only in its title, but also in a footnote stating: "Defendant did not receive this report until after the 120–day deadline imposed by CPRC 74.351 and, as such, files this Objection and Motion *subject to* a previously filed Motion to Dismiss for Plaintiff's fail-

---

1. As defined in Rosemond's petition, contractures are "the chronic loss of joint motion due to structural changes in non-bony tissue." They apparently occur when a bedridden patient is not given adequate physical therapy over a prolonged period of time. Rosemond claims that he has lost the use of his hands and legs as a result, and that surgery cannot repair his injuries.

ure to adhere to that deadline." (Emphasis added.) This second motion attacked the adequacy of the report and the expert's qualifications, and requested dismissal with prejudice. *Id.* § 74.351(*l*), (r)(6).

Dr. Al–Lahiq filed her third and final motion on March 3, 2008, styled "Supplemental Motion for Dismissal Pursuant to TEX. CIV. PRAC. & REM.CODE § 74.351." In it, she supplemented her first motion by preemptively denying Rosemond's assertion that an expert report was faxed to Dr. Al–Lahiq's counsel on February 6, 2008, two days before the deadline. In support, the motion included an affidavit by defense counsel's information technology administrator, averring that a search of the law firm's databases and records revealed no trace of such a fax.[2] On that basis, the Supplemental Motion again urged the trial court to dismiss with prejudice for failure to timely serve an expert report on Dr. Al–Lahiq, as required by section 74.351(b).

The trial court dismissed Rosemond's case with prejudice by signing the draft order attached to the second of the three motions, which concerned the adequacy of the expert report. No findings of fact or conclusions of law were requested or filed. In a memorandum opinion, the court of appeals affirmed the dismissal, concluding that the trial court "did not abuse its discretion in dismissing the claims based on a determination that the expert report was not timely filed." 331 S.W.3d 775.

■ Generally, an appellate court reviews a trial court's dismissal of a health care liability claim under an abuse of discretion standard of review. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 875 (Tex.2001); *see also Marks v. St. Luke's Episcopal Hosp.,* 319 S.W.3d 658, 665 (Tex.2010). In the absence of findings of fact or conclusions of law, a trial court's judgment will be upheld on any theory supported by the record, *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex. 1978), and any necessary findings of fact will be implied, *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992).

■ In affirming the trial court's dismissal, the court of appeals reasoned that "[b]ecause the trial court granted Dr. Al–Lahiq's motion to dismiss, we must infer that the trial court resolved any factual dispute regarding timely service of the expert report … in favor of Dr. Al–Lahiq." 331 S.W.3d 775. Thus, the court of appeals did not address the adequacy of the expert report. We conclude, however, that the court of appeals incorrectly implied that the trial court resolved the factual dispute regarding timely service of the expert report in favor of Dr. Al–Lahiq.

Because Dr. Al–Lahiq submitted a draft order with each of her three motions, the trial court had three different draft orders to choose from, each asserting its own ground for dismissal. Of those three, the trial court chose to sign the second draft order, which was attached to a motion attacking the adequacy of Rosemond's expert report at length, but which included no argument as to untimely service. In-

---

2. This was the first salvo in a fact dispute between the parties over whether the fax was ever received. Rosemond ultimately produced (1) an affidavit from his counsel, and (2) the aforementioned fax confirmation sheet stating that the transmission status was "OK," as evidence showing actual receipt by defense counsel. He also requested discovery of defense counsel's fax machine and an evi-

dentiary hearing. Rosemond further requested a thirty-day extension to cure any deficiencies in the report. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(c). As discussed below, we conclude the court of appeals incorrectly inferred that the trial court resolved this factual dispute in favor of Dr. Al–Lahiq and do not review the propriety of the trial court's determination.

deed, the trial court's order dismissing Rosemond's claim is entitled "Order Sustaining Defendant['s] ... Objection to the Sufficiency of Plaintiff's Expert Report." Our rules of civil procedure require that motions to a district or county court set forth the relief or order sought. TEX.R. CIV. P. 21. By signing the order attached to the second motion, the trial court specifically granted the relief sought in that motion—sustaining Dr. Al–Lahiq's objection to the adequacy of Rosemond's expert report, and dismissing Rosemond's claims with prejudice accordingly. See TEX.R. CIV. P. 301 ("The judgment of the court shall conform to the pleadings...."). The trial court did not sign the orders attached to the motions concerning timeliness.

Further, before the trial court could rule on the report's adequacy, it had to conclude that the report was timely served. Otherwise, the trial court's only option was to dismiss the claim for failure to timely serve an expert report. Hence, we conclude the trial court implicitly overruled the first motion to dismiss. This is made plain by the title of the second motion and footnote therein stating that dismissal based on inadequacy of the expert report is only sought *subject to* the prior motion seeking dismissal for untimely service.[3] In other words, Dr. Al–Lahiq only sought relief under her second motion if the trial court declined to dismiss based on timeliness under the first.

■ The issue of timeliness is a threshold issue in the expert report framework the Legislature enacted. In order to rule on the merits of the report's adequacy, and have the authority under section 74.351 to grant an extension, a trial court must first determine whether the report was timely served. See Ogletree v. Matthews, 262 S.W.3d 316, 319–20 (Tex.2007) (explaining that if no report is served within section 74.351's "statute-of-limitations-type" 120-day deadline, the trial court has no discretion to deny motions to dismiss or to grant extensions). It follows that Dr. Al–Lahiq's objection to the adequacy of Rosemond's report would be a moot point if the court had found that the report was not timely served.

■ Finally, on appellate review, we imply only those findings of fact that are *necessary* to support the judgment. See State v. Heal, 917 S.W.2d 6, 9 (Tex.1996) ("Conclusions of law which are *necessary*, but not made, are deemed in support of the judgment." (emphasis added)); Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989) (per curiam) ("[I]t is implied that the trial court made all the *necessary* findings to support its judgment." (emphasis added)). Similarly, the trial court's order is upheld not on *any* theory, but on any theory "supported by the record." Davis, 571 S.W.2d at 862. Here, the trial court's order granted a motion based on adequacy of the expert report, not failure to timely serve the report. The court of appeals erred by effectively holding that the trial

---

3. As an aside, it was *ex ante* entirely logical for Dr. Al–Lahiq to have made her second motion subject to her first. As this Court explained previously, the Legislature has provided only two avenues for interlocutory review under section 74.351. *Lewis v. Funderburk*, 253 S.W.3d 204, 207 (Tex.2008). These are (1) when a motion to dismiss for lack of timely service is *denied*, and (2) when relief is *granted* on a motion to dismiss challenging the adequacy of the report. *Id.* Obviously, only the first is an avenue of appeal for health care liability *defendants* like Dr. Al–Lahiq. Interlocutory appeal is not available when the defendant's challenge to the report's adequacy is denied. *In re Watkins*, 279 S.W.3d 633, 634 (Tex.2009) (orig.proceeding). Therefore, an able defense counsel will prefer to first obtain a ruling on timeliness in order to have the option to undertake an interlocutory appeal, should the motion be denied.

court found *all* facts and conclusions favorable to the prevailing party rather than implying only those facts and conclusions *necessary* to support the judgment. As discussed above, a failure to timely serve was not a necessary fact to support a dismissal order on adequacy grounds.

Because the record demonstrates the trial court did not implicitly rule in favor of Dr. Al–Lahiq on the timeliness issue, the remaining issue—which the trial court resolved in favor of Dr. Al–Lahiq and which the court of appeals did not reach—is the adequacy of the expert report. As a result, we remand this case to the court of appeals for consideration of whether the trial court abused its discretion in concluding the expert report was inadequate.

For the foregoing reasons, we grant the petition for review and, without hearing oral argument, Tex.R.App. P. 59.1, reverse the judgment of the court of appeals and remand the case to that court for (1) consideration of the adequacy of Rosemond's expert report, and (2) review of the trial court's order dismissing Rosemond's health care liability claim in light of that inquiry.