In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-13-00250-CV

JENNIFER ROMANO AND MAGGIE'S HOUSE RESCUE, Appellants

V.

THE STATE OF TEXAS, Appellee

_____

**On Appeal from the County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Cause No. 13-27057-CV**

_____

**MEMORANDUM OPINION**

Amber Rickles was attacked by Gus, a dog she was fostering for Jennifer Romano of Maggie's House Rescue. Pursuant to chapter 822 of the Texas Health and Safety Code, an officer for Montgomery County Animal Control executed an affidavit for seizure of a dog that caused serious bodily injury. *See* Tex. Health & Safety Code Ann. § 822.02(a) (West 2010). The justice court issued a warrant for Gus's seizure and subsequently determined that Gus caused serious bodily injury and should be destroyed. The justice court gave Romano ten days to appeal and set

1

an appeal bond of $1350. Romano appealed to the County Court at Law No. 2. The State filed a motion to dismiss for lack of jurisdiction, in which it argued that chapter 822 does not authorize an appeal from the justice court's judgment. The county court at law granted the motion and dismissed Romano's case. In two appellate issues, Romano challenges the dismissal of her appeal. We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

In issue one, Romano contends that section 51.001 of the Texas Civil Practice and Remedies Code gives her a right to appeal the justice court's ruling. In issue two, Romano argues that the dismissal of her appeal violates due process. Whether a trial court has subject matter jurisdiction is a question of law that we review *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Chapter 822 of the Texas Health and Safety Code governs the regulation of animals. Tex. Health & Safety Code Ann. §§ 822.001-.116 (West 2010). Under Subchapter A, upon the receipt of a sworn complaint stating that a dog caused serious bodily injury, a justice, county, or municipal court must order animal control to seize the dog. *Id*. § 822.002(a). The trial court must conduct a hearing to determine whether the dog caused serious bodily injury by attacking, biting, or

mauling someone and if it should be destroyed or released. *Id.* § 822.003(a), (e). Subchapter A does not contain any appellate provisions. *Id.* §§ 822.001-.116. Nevertheless, a county court at law has original and appellate jurisdiction over all causes and proceedings prescribed by law for county courts. Tex. Gov't Code Ann. § 25.0003(a) (West Supp. 2013). Even when an appeal is not expressly provided by other laws, section 51.001(a) of the Texas Civil Practice & Remedies Code states that a party may appeal a justice court's ruling when the judgment or amount in controversy exceeds $250. Tex. Civ. Prac. & Rem. Code Ann. § 51.001(a) (West 2008). Accordingly, even without express authorization from Subchapter A, the county court at law had jurisdiction over Romano's appeal as long as the amount in controversy was met.

The trial court's judgment dismissing Romano's appeal is silent as to the reasons for the dismissal, and the record does not contain any findings of fact or conclusions of law. Absent findings of fact and conclusions of law, we will imply any findings necessary to support the trial court's judgment as long as those findings are supported by the record. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011). In this case, the record is devoid of any evidence regarding the amount in controversy. Accordingly, we cannot imply a finding that Romano's appeal is subject to dismissal for failure to satisfy section 51.001's amount in

3

controversy requirement. *See id.* Moreover, in its motion to dismiss, the State's sole ground for dismissal was that Subchapter A does not authorize an appeal; the record does not indicate that the State argued that the applicable amount in controversy had not been met. We will not imply that the trial court's judgment is based on a ground not asserted in the motion on which it ruled. *See Waltenburg v. Waltenburg*, 270 S.W.3d 308, 319 (Tex. App.—Dallas 2008, no pet.). Under these circumstances, we conclude that trial court erred by granting the State's motion to dismiss. We sustain Romano's first issue and need not address issue two. *See* Tex. R. App. P. 47.1. We reverse the trial court's judgment of dismissal and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on November 12, 2013
Opinion Delivered November 21, 2013

Before McKeithen, C.J., Kreger and Horton, JJ.

4