**Affirmed and Memorandum Opinion filed May 14, 2015.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-14-00318-CV**

---

**LANCE THAI TRAN, DDS, PA D/B/A BROADWAY FAMILY DENTAL CARE, Appellant**

**V.**

**MARIA CHAVEZ, Appellee**

---

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2013-26591**

---

## M E M O R A N D U M   O P I N I O N

A dental assistant sued her employer for negligence after she slipped and fell on a wet floor in the dental office where she worked. The employer moved to dismiss the suit, arguing that it involved a health care liability claim governed by the Texas Medical Liability Act and that no expert report had been filed as required. The trial court denied the motion. Guided by the Supreme Court of Texas's recent decision in *Ross v. St. Luke's Episcopal Hospital*, No. 13-0439, 2015 WL 2009744 (Tex. May 1, 2015), we affirm.

BACKGROUND

Appellee Maria Chavez worked as a dental assistant for appellant Lance Thai Tran, DDS, PA, d/b/a Broadway Family Dental Care ("Tran"). Chavez alleges that while she was performing her usual duties, co-workers spilled water in the break area of the dental office in the course of changing the bottle to the water cooler. A co-worker mopped the spilled water and then continued to mop in the adjoining equipment sterilization area which was dirty. No "wet floor" or other warning signs were posted to alert co-workers that the floor was wet, and no mat or other type of protective covering was used. Chavez, unaware of the wet floor, walked into the area to retrieve a piece of equipment and slipped and fell on the wet floor. Chavez was transported by ambulance to a hospital where she was diagnosed with a fractured knee cap and taken to surgery.

In May 2013, Chavez sued Tran, a non-subscriber under the Texas Workers' Compensation Act, for negligence on a premises-liability theory. Tran filed a general denial, affirmative defenses, and a request for disclosure. That same day, Tran also served discovery on Chavez, including interrogatories, a request for admissions, and a request for production. Tran later filed special exceptions, which the trial court granted.

In an amended petition, Chavez alleged that Tran was negligent in training and supervising staff members regarding the maintenance of floors in the work area, maintaining a work area that did not have a slip hazard, maintaining a work area that contained a hazardous condition, and failing to warn that a hazardous condition had been created by the spilling of water and/or the failure to completely mop and dry the wet area. Several months later, Tran responded by filing a motion to dismiss, alleging that Chavez had alleged a health care liability claim against a health care provider and had failed to produce an expert report as required under

the Texas Medical Liability Act. *See generally* Tex. Civ. Prac. & Rem. Code §§ 74.001–.507 (the TMLA).

After an oral hearing, the trial court signed an order denying Tran's motion to dismiss on April 22, 2014. This interlocutory appeal followed.

## ANALYSIS OF TRAN'S ISSUES

On appeal, Tran argues that the trial court erred by denying the motion to dismiss because Chavez's claim alleges a departure from accepted standards of safety by a health care provider and is therefore a health care liability claim (HCLC) under section 74.001(a)(13) of the TMLA. Tran also contends that the trial court erred by failing to enforce the procedural requirement of a 120-day expert report pursuant to section 74.351(a) and by failing to award mandatory attorney's fees pursuant to section 74.351(b) of the TMLA.

In response, Chavez contends that her claim is a simple negligence claim— the same as if she had slipped and fallen on spilled water as an employee at Wal-Mart or McDonalds—that is totally "untethered" from the rendition of any health care. Chavez also asserts that Tran has waived the right to assert that her claim is an HCLC by immediately initiating discovery in the case, waiting almost a year before making such an assertion, and actively participating in discovery.

## Standard of Review

The TMLA defines a "health care liability claim" as:

*a cause of action against a health care provider* or *physician for treatment, lack of treatment, or other claimed departure from accepted standards of* medical care, or health care, or *safety* or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

3

Tex. Civ. Prac. & Rem. Code § 74.001(a)(13) (emphasis added). At the time Chavez filed suit, the TMLA provided that if a claim fell within this definition, "a claimant shall, not later than the 120th day after the original petition was filed, serve on each party or the party's attorney one or more expert reports . . . ." Act of May 18, 2005, 79th Leg., R.S. ch. 635, 2005 Tex. Gen. Laws 1590 (amended 2013) (current version at Tex. Civ. Prac. & Rem. Code § 74.351(a)).[1] If an expert report has not been served within the 120-day deadline and the "affected physician or health care provider" files a motion to dismiss, the trial court must "dismiss[] the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim" and award the physician or health care provider reasonable attorney's fees and costs of court. Tex. Civ. Prac. & Rem. Code § 74.351(b). It is undisputed that Tran is a health care provider as defined in the TMLA. *See id.* § 74.001(a)(12).

Appellate courts generally review a trial court's ruling on a motion to dismiss under section 74.351 for an abuse of discretion. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011). However, to the extent that our review involves a matter of statutory construction, the issue is a legal question we review de novo. *See Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012). Therefore, in determining whether Chavez's claim is an HCLC governed by the TMLA, we apply a de novo standard of review. *Id.*

### *Ross* Determines the Disposition of this Case

While this appeal was pending, the Supreme Court of Texas resolved a split among the courts of appeal concerning whether and to what extent claimed

---

[1] For lawsuits commenced on or after September 1, 2013, the TMLA provides that the operative date is "the 120th day after the date each defendant's original answer is filed." *See* Tex. Civ. Prac. & Rem. Code § 74.351(a).

departures from accepted standards of safety by a health care provider must be related to health care to constitute an HCLC governed by the TMLA. *See Ross v. St. Luke's Episcopal Hosp.*, 2015 WL 2009744, at *2 (concluding that court had jurisdiction to resolve inconsistent decisions of the courts of appeals that created uncertainty in the law regarding whether a safety standards-based claim must be related to health care). Accordingly, we are guided by the Ross court's interpretation of the scope of the TMLA and its instructions for analyzing whether a plaintiff's claim constitutes an HCLC.

In *Ross*, a visitor to a hospital sued the hospital on a premises-liability theory after she slipped and fell near the lobby exit doors. *Id.* at *1. The hospital moved to dismiss Ross's claim, asserting that it was an HCLC and Ross had not filed an expert report. *Id.* The trial court granted the hospital's motion, and this court affirmed, concluding that it was not necessary for any connection to exist between health care and the safety standard on which a claim is based in order for the claim to come within the TMLA. *Id.*

On review, the Supreme Court of Texas reversed this court's judgment, holding that for a safety-based claim against a health care provider to be an HCLC "there must be a substantive nexus between the safety standards allegedly violated and the provision of health care." *Id.* at *6. The court explained that "[t]he pivotal issue in a safety standards-based claim is whether the standards on which the claim is based implicate the defendant's duties as a health care provider, including its duties to provide for patient safety. *Id.*

Acknowledging that "the line between a safety standards-based claim that is not an HCLC and one that is an HCLC may not always be clear," the court articulated seven non-exclusive considerations to aid in analyzing whether a safety standards-based claim is substantively related to the defendant's providing of

medical or health care and is therefore an HCLC:

1.   Did the alleged negligence of the defendant occur in the course of the defendant's performing tasks with the purpose of protecting patients from harm;

2.   Did the injuries occur in a place where patients might be during the time they were receiving care, so that the obligation of the provider to protect persons who require special, medical care was implicated;

3.   At the time of the injury was the claimant in the process of seeking or receiving health care;

4.   At the time of the injury was the claimant providing or assisting in providing health care;

5.   Is the alleged negligence based on safety standards arising from professional duties owed by the health care provider;

6.   If an instrumentality was involved in the defendant's alleged negligence, was it a type used in providing health care; or

7.   Did the alleged negligence occur in the course of the defendant's taking action or failing to take action necessary to comply with safety-related requirements set for health care providers by governmental or accrediting agencies?

*Id*.

In this case, Chavez, Tran's employee, alleges that she slipped and fell on a wet floor as the result of Tran's negligence in failing to properly train and supervise staff members concerning the maintenance of floors that become wet, failing to maintain a safe work area, and failing to warn of a hazardous condition created by a wet floor. Tran argues generally, in reliance on this court's prior precedent, that Chavez's claim alleges departures from accepted standards of safety by a health care provider and therefore is an HCLC. But Tran does not assert any connection between Chavez's safety-related claims and the provision of health care other than to assert that Tran is a health care provider. The *Ross* court expressly instructs that "[a] safety standards-based claim does not come within the

6

TMLA's provisions just because the underlying occurrence took place in a health care facility, the claim is against a heath care provider, or both." *Id.* at *5 (citing *Loaisiga v. Cerda*, 379 S.W.3d 248, 257 (Tex. 2012)).

Moreover, applying the *Ross* court's non-exclusive considerations, we conclude that no substantive nexus exists between the safety standards Tran allegedly violated and the provision of health care. The record does not show that mopping the wet floor in the dental office's work area was done for the purpose of protecting patients from harm; indeed, Chavez alleges that she slipped and fell in a work area where patients are generally not allowed. And although Chavez was Tran's employee, Chavez does not allege that she was providing or assisting in providing health care to a patient at the time she was injured.

Nor does the record indicate that Tran's alleged negligence concerning a dangerous floor condition on the premises implicates safety standards arising from professional duties Tran owed as a health care provider. Likewise, the record does not suggest that the mop used by a co-worker was of a type particularly used in providing health care to patients. Finally, nothing in the record demonstrates that Tran's alleged negligence occurred in the course of taking action or failing to take action necessary to comply with a requirement set for health care providers by governmental or accrediting agencies. *See id.* at *6.

Concluding that the record in this case does not demonstrate a substantive nexus between the safety standards Chavez alleged Tran breached—standards for maintaining floors in employee work areas—and the provision of health care, we affirm the trial court's order denying Tran's motion to dismiss.

## CONCLUSION

We overrule Tran's issues and affirm the trial court's order denying Tran's motion to dismiss for failure to produce an expert report.

/s/    Ken Wise
        Justice

Panel consists of Justices McCally, Brown, and Wise.