# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-17-00717-CV

**Geraldine Pruski, Appellant**

**v.**

**American Medical Response, Inc., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. D-1-GN-17-001204, HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Geraldine Pruski appeals from the trial court's order dismissing her claim against American Medical Response, Inc. (AMR) because she failed to timely serve AMR with an expert report. *See generally* Tex. Civ. Prac. & Rem. Code § 74.351. For the reasons that follow, we will affirm the trial court's order.

## BACKGROUND

Pruski filed suit against AMR, an ambulance company, for alleged injuries she sustained while AMR employees transported her between Austin Lakes Hospital and St. David's South Austin Medical Center. Specifically, she alleged that AMR employees were pushing her on a medical gurney out of the front door of Austin Lakes toward an ambulance when the gurney overturned. Pruski fell to the ground and allegedly injured her head, neck, and back.

Pruski served AMR with her expert's report on September 21, 2017, over a month past the statutory deadline. AMR filed a motion to dismiss Pruski's claims for her failure to timely serve the report. *See id.* § 74.351(b). The trial court granted AMR's motion and awarded AMR its attorney's fees. This appeal followed.

## DISCUSSION

Pruski challenges the trial court's dismissal of her claim in one issue with four distinct arguments. She concedes that she did not timely serve AMR with her expert's report but asserts that the doctrine of res ipsa loquitur makes a report unnecessary, AMR waived its right to seek dismissal, and the trial court should have granted an equitable extension. In addition, she contends that Section 74.351 violates the Texas Constitution's open-courts guarantee. *See* Tex. Const. art. 1, § 13.

### Applicable Law and Standard of Review

Section 74.351 of the Civil Practice and Remedies Code requires a plaintiff asserting a health care liability claim to serve a qualifying expert report on each defendant physician or health care provider. Tex. Civ. Prac. & Rem. Code § 74.351(a). The plaintiff must serve the report within 120 days after the date each defendant files its answer. *Id.* If the plaintiff does not serve a report within that time, the trial court must dismiss the case on the defendant's motion. *Id.* § 74.351(b); *see Hebner v. Reddy*, 498 S.W.3d 37, 40 (Tex. 2016).

We review a trial court's order dismissing a claim for failure to timely serve an expert report for an abuse of discretion. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011) (per curiam). Under this standard, we "defer to the trial court's factual determinations if they are

2

supported by evidence, but review its legal determinations de novo." *Gracy Woods I Nursing Home v. Mahan*, 520 S.W.3d 171, 175 (Tex. App.—Austin 2017, no pet.) (quoting *Van Ness v. ETMC First Physicians*, 461 S.W.3d 140, 142 (Tex. 2015) (per curiam)). A trial court abuses its discretion if it acts without reference to guiding rules or principles. *Miller v. JSC Lake Highlands Operations*, 536 S.W.3d 510, 512 (Tex. 2017) (per curiam). "Whether the statute permits additional time beyond the 120-day deadline or is unconstitutional, as applied, are legal questions." *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011).

**Analysis**

Pruski first argues that the doctrine of res ipsa loquitur applies to this case and obviates the need to file an expert report. Res ipsa loquitur is a doctrine of law that permits a fact finder to infer negligence "when the circumstances surrounding the accident constitute sufficient evidence of the defendant's negligence to support such a finding." *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990); *see Sanders v. Naes Cent., Inc.*, 498 S.W.3d 256, 258 (Tex. App.—Houston [1st Dist.] 2016, no pet.). The legislature has provided that the doctrine "shall only apply to health care liability claims against health care providers or physicians in those cases to which it has been applied by the appellate courts of this state as of August 29, 1977." Tex. Civ. Prac. & Rem. Code § 74.201. We have held that section 74.201 does not "eliminate the procedural requirement of an expert report at the commencement of litigation" because "the expert report is a threshold requirement for bringing a lawsuit." *Bogar v. Esparza*, 257 S.W.3d 354, 369 (Tex. App.—Austin 2008, no pet.) (quoting *Garcia v. Marichalar*, 198 S.W.3d 250, 256 (Tex. App.—San Antonio 2006, no pet.)). Consequently, even if res ipsa loquitur applies here, it would not excuse

3

Pruski's failure to timely serve her expert's report. *See Merry v. Wilson*, 498 S.W.3d 270, 277 (Tex. App.—Fort Worth 2016, no pet.) (holding that "an expert report is still required regardless of whether res ipsa loquitur would apply at trial"); *Bogar*, 257 S.W.3d at 369.

Pruski's second argument is that AMR waived its right to dismissal under section 74.351 and is now estopped from asserting it.[1] Waiver is the "intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 474 (Tex. 2017). The elements of waiver include: (1) an existing right, benefit, or advantage held by a party, (2) the party's actual knowledge of its existence, and (3) the party's actual intent to relinquish the right or conduct inconsistent with that right. *Perry Homes v. Cull*, 258 S.W.3d 580, 602-03 (Tex. 2008). "There can be no waiver of a right if the person sought to be charged with waiver says or does nothing inconsistent with an intent to rely upon such right." *Shields Ltd. P'ship*, 526 S.W.3d at 485 (quoting *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (per curiam)).

Pruski argues that AMR waived its right to dismissal by obtaining Pruski's medical records before the deadline expired and while Section 74.351(s) stayed discovery. That section provides that all discovery is stayed until the expert-report deadline "except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care." Tex. Civ. Prac. & Rem. Code § 74.351(s). Pruski argues

---

[1] "[T]he doctrines of waiver and estoppel are frequently referenced together, but they are different." *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). While waiver is the intentional relinquishment of a known right, estoppel "generally prevents one party from misleading another to the other's detriment or to the misleading party's own benefit." *Id.* Pruski does not argue that AMR misled her.

that the purpose behind this stay is to give the plaintiff an opportunity to gather this information and provide it in the expert report. Pruski reasons that by obtaining this information itself during this period, AMR waived its right to seek dismissal. Pruski's interpretation conflicts with another portion of the medical liability statute that expressly grants defendants the right to obtain this information at an earlier time. Section 74.051 requires the plaintiff to serve the intended defendant with pre-suit notice accompanied by a release authorizing the defendant to obtain the claimant's medical records. *Id.* § 74.051(a). "All parties shall be entitled to obtain complete and unaltered copies of the patient's medical records from any other party within 45 days from the date of receipt of a written request for such records." *Id.* § 74.051(d). Even if AMR obtained Pruski's medical records while the discovery stay was in place, obtaining information that it had a statutory right to obtain at an earlier time is not inconsistent with its right to move for dismissal.

Pruski's third argument is that the trial court should have granted her an equitable extension because she made a good-faith effort to timely serve the report. She attributes the month-long delay to AMR's refusal to turn over two documents her expert needed to review: an incident report AMR prepared after the fall and an operator's manual for the type of medical gurney involved. Pruski admits that AMR turned over both documents before the 120-day deadline expired, but argues that the trial court should have calculated the deadline from the date AMR produced the last document, July 31, 2017. Pruski incorrectly assumes that the trial court had the power to grant an extension under these circumstances. "[T]he Legislature denied trial courts the discretion to deny motions to dismiss or grant extensions" where "no report is served within the 120 day deadline provided by 74.351(a)." *Ogletree v. Matthews*, 262 S.W.3d 316, 319-20 (Tex. 2007). On these

facts, the trial court had no discretion to deny AMR's motion. *See id.*; *Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 460 (Tex. App.—Austin 2006, no pet.) ("While Herrera suggests that it would have been equitable to grant him a 30-day extension because he attempted to serve the report in good faith, there is no such exception to the procedure set forth in section 74.351.").

Pruski's final argument is that applying section 74.351 violates the Texas Constitution's open courts guarantee. *See* Tex. Const. art. 1, § 13 ("All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."). Because Pruski did not make this argument to the trial court, she cannot now raise it for the first time on appeal. *See Southwestern Power Co. v. Grant*, 73 S.W.3d 211, 222 (Tex. 2002) ("A litigant must raise an open-courts challenge in the trial court.").

We overrule Pruski's sole issue.

## CONCLUSION

For the reasons set forth above, we affirm the trial court's order.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Bourland, and Toth

Affirmed

Filed:   November 20, 2018

6