# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00716-CV

---

**Kevin McBride, Appellant**

**v.**

**Seton Family of Hospitals d/b/a Seton Medical Center, Appellee**

---

**FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-18-001732, THE HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Kevin McBride, acting pro se, filed this appeal challenging the district court's judgment dismissing with prejudice his suit against Seton Family of Hospitals d/b/a Seton Medical Center because he failed to serve Seton with an expert report as required by the Texas Medical Liability Act. *See* Tex. Civ. Prac. & Rem. Code § 74.351. We will affirm the district court's judgment.

### BACKGROUND

McBride sued Seton for damages related to the death of his father, Calvin McBride, Jr., who had been a patient at the hospital for eleven days. McBride failed to serve Seton with any expert report. Seton filed a motion to dismiss McBride's claims and requested statutory sanctions for failure to serve the required expert report. *See id*. § 74.351(b). After a

hearing at which both parties presented argument, the district court signed an "Order Granting Defendant's Motion to Dismiss and Entering Final Judgment" that dismissed McBride's claims with prejudice, awarded attorney's fees to Seton, and specified that it was a final judgment because it "disposed of all issues involving all parties." This appeal followed.

## DISCUSSION

On appeal, McBride challenges the district court's dismissal of his suit. He concedes that he failed to serve Seton with any expert report but contends that he was unable to afford an attorney or to pay for such report. Further, McBride contends that the court wrongfully dismissed the case because "(HB 4) Proposition 12 [is] an unconstitutional law in Texas that needs to be completely struck down."[1]

A health-care-liability claimant must serve an adequate expert report within 120 days after the defendant's original answer has been filed. *Id*. § 74.351(a); *Scott v. Weems*, No. 17-0563, 2019 Tex. LEXIS 390, at *5 (Tex. Apr. 26, 2019). If an expert report is not timely served and the defendant files a motion to dismiss the claim, dismissal with prejudice is required. Tex. Civ. Prac. & Rem. Code § 74.351(b); *Weems*, 2019 Tex. LEXIS 390, at *5; *see Henley v. Scott & White Mem'l Hosp.*, No. 03-11-00031-CV, 2011 Tex. App. LEXIS 8657, at *1 (Tex. App.—Austin Oct. 26, 2011, no pet.) (mem. op.) (affirming dismissal of claimant's suit, which alleged health-care-liability claim against hospital, based on claimant's failure to file expert report required by Texas Medical Liability Act).

When reviewing a trial court's ruling on a motion to dismiss for failure to comply with the expert-report requirement of the Texas Medical Liability Act, we generally apply an

---

[1] This sentence is the entirety of McBride's constitutional challenge on appeal.

abuse-of-discretion standard, discerning whether the trial court acted in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *See Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011); *see also Miller v. JSC Lake Highlands Operations*, 536 S.W.3d 510, 512 (Tex. 2017). But trial courts have a mandatory duty to dismiss a suit—i.e., the Legislature has not given trial courts any discretion to decline to dismiss a suit—when a health-care-liability claimant fails to serve an expert report within the 120-day statutory period. *See* Tex. Civ. Prac. & Rem. Code § 74.351(b); *Henley*, 2011 Tex. App. LEXIS 8657, at *2.

Here, the district court was compelled to dismiss McBride's suit because McBride did not serve the statutorily required expert report on Seton. *See* Tex. Civ. Prac. & Rem. Code § 74.351(b); *Henley*, 2011 Tex. App. LEXIS 8657, at *2. McBride cites no authority authorizing the court to appoint counsel for him and presents no authority for his contention that the Medical Liability Act is unconstitutional. *See* Tex. R. App. P. 38.1(i) (requiring brief to contain appropriate citations to authority for arguments presented); *see also Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 463 (Tex. App.—Austin 2006, no pet.) (rejecting challenge to constitutionality of Medical Liability Act as set forth in section 74.351 of Texas Civil Practice and Remedies Code).

Accordingly, we overrule McBride's appellate issue challenging the district court's dismissal of his suit.

## CONCLUSION

We affirm the district court's final judgment.

 

                                                                _____

                                                                Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   August 21, 2019