**Affirmed and Opinion Filed December 9, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00762-CV

## JOSE GONZALES AND LETICIA GONZALES, Appellants
## V.
## DEUTSCHE BANK NATIONAL TRUST CO., Appellee

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-01272-E**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Reichek
Opinion by Justice Partida-Kipness

Jose and Leticia Gonzales appeal the judgment in favor of Deutsche Bank

National Trust Co. in this forcible detainer action. We affirm the trial court's

judgment.

## BACKGROUND

The record on appeal contains no record of evidence introduced at trial in

either the justice court or the county court at law, and the trial court[1] did not enter

---

[1] We refer to the county court at law as the trial court herein.

findings of fact and conclusions of law. Thus, we recite facts as stated in the parties' pleadings to provide context for our ruling.

The Gonzaleses executed a deed of trust in August 2006 for the real property located at 1368 Fox Glen in Cedar Hill, Texas (the Property). The Gonzaleses resided at the Property. The deed of trust granted the power of sale to the lender if the Gonzaleses defaulted on the underlying loan. If the lender sold the Property at a foreclosure sale, the borrower or any person holding possession of the Property through the borrower must immediately surrender possession of the Property to the purchaser.

The Gonzaleses defaulted on the loan, the mortgage servicer foreclosed on the Property, and Deutsche Bank purchased the Property at a foreclosure sale on December 4, 2018. Deutsche Bank sent the Gonzaleses a notice to vacate and demand for possession on January 8, 2019. The Gonzaleses did not vacate the Property.

Deutsche Bank filed its forcible detainer action in justice court on January 23, 2019. To demonstrate its title to the Property, Deutsche Bank offered into evidence a certified copy of a substitute trustee's deed reflecting the Property had been conveyed by deed at a foreclosure sale. The justice court entered judgment for Deutsche Bank on February 7, 2019. The Gonzaleses appealed the judgment to the county court at law, which held a trial de novo. The county court at law entered

judgment for Deutsche Bank. The Gonzaleses filed a motion for new trial, which was denied by operation of law. This appeal followed.

## ANALYSIS

The Gonzaleses bring three issues on appeal. First, they assert the trial court erred by hearing the case and rendering judgment because Deutsche Bank failed to make a sufficient pre-suit demand for possession. The Gonzaleses argue Deutsche Bank did not have a superior right to possession and, therefore, could not make a proper demand for possession. Likewise, in their second issue, the Gonzaleses argue Deutsche Bank did not establish its standing as owner of the Property to bring its forcible detainer action. Finally, the Gonzaleses argue in their third issue that "apparent defects in title" precluded judgment for Deutsche Bank. The Gonzaleses rest their argument in all three issues on the contention that the substitute trustee's deed Deutsche Bank offered to demonstrate title to the Property was insufficient to meet the "mandates of Property Code Chapter 51."

When, as here, the trial court acts as a factfinder, we review its determinations under legal and factual sufficiency standards. *In re Doe*, 19 S.W.3d 249, 253 (Tex. 2000). When the trial court does not issue findings of fact or conclusions of law, we will uphold the trial court's judgment on any theory supported by the record and any necessary findings of fact will be implied. *Chicago Title Ins. Co. v. Cochran Investments, Inc.*, 602 S.W.3d 895, 899 n. 2 (Tex. 2020); *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011).

–3–

The record on appeal reflects that the Gonzaleses did not request and the trial court did not issue findings of fact or conclusions of law.  Thus, we will uphold the trial court's judgment on any theory supported by the record and any findings of fact necessary will be implied.  *See Cochran*, 602 S.W.3d at 899 n. 2.  The record on appeal also does not include a reporter's record from the trial.  Because there is no reporter's record in this appeal, we presume the evidence presented at trial supports the trial court's finding.  *See also Bennett  v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) ("[A]bsent a complete record on appeal, [the appellate court] must presume the omitted items supported the trial court's judgment."); *Vasquez v. Firebird SFE I, LLC*, No. 05-19-00057-CV, 2020 WL 2059913, at *1 (Tex. App.—Dallas Apr. 29, 2020, no pet.) (mem. op.) ("Because there is no reporter's record in this appeal, we presume the evidence supports the trial court's finding.").  In the absence of the trial court's findings of fact and conclusions of law and a reporter's record in this case, we presume the evidence supports all implied findings necessary to support the trial court's judgment.  *See Cochran*, 602 S.W.3d at 899 n. 2; *Bennett*, 96 S.W.3d at 230.  Applying those presumptions, we conclude Deustche Bank made a sufficient pre-suit demand for possession, established its standing as owner of the Property to bring its forcible detainer action, and provided sufficient evidence of title through the substitute trustee's deed. We overrule the Gonzaleses' appellate issues.

–4–

## CONCLUSION

The Gonzaleses have failed to show that the substitute trustee's deed was insufficient to establish Deutsche Bank's title to the Property or that the trial court's judgment was in error. Accordingly, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

190762F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOSE GONZALES AND LETICIA GONZALES, Appellants

No. 05-19-00762-CV          V.

DEUTSCHE BANK NATIONAL TRUST CO., Appellee

On Appeal from the County Court at Law No. 5, Dallas County, Texas Trial Court Cause No. CC-19-01272-E.
Opinion delivered by Justice Partida-Kipness. Justices Myers and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DEUTSCHE BANK NATIONAL TRUST CO. recover its costs of this appeal from appellants JOSE GONZALES AND LETICIA GONZALES.

Judgment entered this 9th day of December, 2020.