

IN THE
TENTH COURT OF APPEALS

No. 10-23-00249-CV

KORY LEE GILL, D.O.,

Appellant

v.

KELLY GOODSON,

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 22-002437-CV-272

MEMORANDUM OPINION

Kelly Goodson sought to recover damages for claims of sexual assault and battery,

intentional infliction of emotional distress, harassment, and physical injuries she suffered

when she was sexually assaulted by Kory Lee Gill, D.O. at Central Texas Sports Medicine

and Orthopedics and at The Physicians Centre Hospital located in Bryan, Texas. Gill filed

a Chapter 74 Motion to Dismiss pursuant to the Texas Medical Liability Act because

Goodson had not served him with an expert report as required by the Act. After a

hearing, the trial court denied Gill's motion. Because the trial court did not abuse its

discretion in denying Gill's motion to dismiss, its Order Denying Defendant, Kory Lee Gill, D.O.'s Chapter 74 Motion to Dismiss is affirmed.

## FACTUAL ALLEGATIONS

Goodson scheduled an appointment in the fall of 2020 with Gill seeking medical care to address Goodson's back and pain issues. Gill asked Goodson to unbutton her jeans and began to touch her. He slid his hand between her buttocks and began digitally penetrating her anus. Goodson moved away as best as she could and told Gill not to do that again. Gill then ordered X-rays. Upon Goodson's return to the exam room from the X-ray room, Gill pulled out the front of the paper shorts Goodson was still wearing from the X-rays and "slurred utterances" to Goodson. Before Goodson left the room, Gill gave Goodson his personal phone number on a sticky note and asked her to call him. He told her he wanted to see more of Goodson's tattoos.

About a month later and experiencing worsening back and hip issues, Goodson returned to Gill who ordered an MRI. Gill admitted Goodson to the Physicians Centre Hospital for outpatient surgery for epidural steroid injections. Arriving late for the procedure and smelling of alcohol, Gill began talking with Goodson in the pre-op room about her tattoos. Gill suddenly and unexpectedly, and without consent, slid his hand into Goodson's underwear and in the folds of her vagina to digitally penetrate her vagina. When that happened, Goodson told Gill that if he did not stop, she would scream.

## ISSUE ON APPEAL

The question before this Court is whether Goodson's claims triggered the Texas Medical Liability Act (TMLA) requiring her to serve an expert report within 120 days of

Gill's answer to Goodson's petition which set out the breach of the standard of care. *See* TEX. CIV. PRAC. & REM. CODE §§ 74.001(a)(13); 74.351(a). Gill claims that Goodson brings a health care liability claim because Goodson has not rebutted the presumption that her claim against a treating physician triggers the TMLA. Goodson responds that she complains only of the alleged offensive contact, not anything related to medical or health care services, she did not consent to that alleged contact, and the only relationship between the rendition of health care and the alleged offensive contact is the setting where it happened.

### *Standard of Review*

We generally review a trial court's order on a motion to dismiss pursuant to section 74.351(b) of the TMLA under an abuse of discretion standard. *See Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001). However, whether a claim asserts a health care liability claim is a question of law which we review *de novo*. *Lake Jackson Med. Spa v. Gaytan*, 640 S.W.3d 830, 836 (Tex. 2022). In doing so, we consider the underlying nature of the claim rather than its label. *Baylor Scott & White, Hillcrest Med. Ctr. v. Weems*, 575 S.W.3d 357, 363 (Tex. 2019).

### *Health Care Liability Claim?*

The TMLA provides that, upon the defendant's motion, a trial court shall dismiss a health care liability claim and award attorney's fees to the defendant if the claimant fails to provide one or more expert reports within 120 days day after the date each defendant's original answer is filed. TEX. CIV. PRAC. & REM. CODE § 74.351 (a), (b). A health care

liability claim has three elements: (1) a suit against a physician or health care provider; (2) the claims are grounded in treatment, lack of treatment, or a departure from accepted standards of medical care, health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's act or omission must have proximately caused the injury to the plaintiff. *Lake Jackson Med. Spa v. Gaytan*, 640 S.W.3d 830, 840 (Tex. 2022). The TMLA creates a rebuttable presumption that a plaintiff's claim is a health care liability claim if it is brought against a physician or health care provider and is based on facts "implicating the defendant's conduct during the course of a patient's care, treatment, or confinement." *Loaisiga v. Cerda*, 379 S.W.3d 248, 258 (Tex. 2012).

However, if the conduct of which a plaintiff complains is "wholly and conclusively inconsistent with, and thus separable from," receiving health care, it is not a health care liability claim. *Loaisiga*, 379 S.W.3d at 257; *Jaffer v. Maestas*, No. 01-23-00541-CV, 2024 Tex. App. LEXIS 2079, at *7 (Tex. App.—Houston [1st Dist.] Mar. 26, 2024, no pet.) (mem. op.). The complained-of conduct is separable from receiving health care if the record shows:

(1) there is no complaint about any act of the provider related to medical or health care services other than the alleged offensive contact,

(2) the alleged offensive contact was not pursuant to actual or implied consent by the plaintiff, and

(3) the only possible relationship between the alleged offensive contact and the rendition of medical services or health care was the setting in which the act took place.

*Id.*

This case is factually indistinguishable from the First Court of Appeals' opinion in *Jaffer v. Maestas*. *See Jaffer v. Maestas*, No. 01-23-00541-CV, 2024 Tex. App. LEXIS 2079 (Tex.

App.—Houston [1st Dist.] Mar. 26, 2024, no pet.) (mem. op.). There, the plaintiff awoke from a breast augmentation procedure to discover Jaffer pressing his penis to the plaintiff's foot and rubbing her vagina. The First Court of Appeals affirmed the trial court's denial of Jaffer's motion to dismiss.

In this case, Goodson does not complain about any medical or health care procedure or service by Gill except for the alleged sexual assaults occurring during two appointments.[1] Nothing in the record suggests that Goodson consented to Gill's assaults, and there is nothing in the record to suggest anything other than the only possible relationship between the alleged assaults and the rendition of the medical or health care services provided, the X-rays and the epidural, was the setting. Further, no expert testimony is required to prove Goodson's claims. *See Jaffer*, 2024 Tex. App. LEXIS 2079, at *9-10 (and the caselaw cited therein).

As other courts have noted, "it would defy logic to suggest that [this] sexual assault[] is an inseparable part of the rendition of medical care or a departure from accepted standards of health care." *Id.* at *9; *Wasserman v. Gugel*, No. 14-09-00450-CV, 2010 Tex. App. Lexis 3749, *7-8 (Tex. App.—Houston [14th Dist.] May 20, 2010, pet. denied) (mem. op.); *Holguin v. Laredo Reg'l Med. Ctr., L.P.*, 256 S.W.3d 349, 353 (Tex. App.—San Antonio 2008, no pet.). Based on the factual allegations of Goodman's case, we agree.

---

[1] Goodson had raised claims against other parties, but those claims had been disposed of by the time the trial court ruled on Gill's motion to dismiss.

**CONCLUSION**

Accordingly, Goodson did not assert a health care liability claim, and consequently, the trial court did not err in denying Gill's motion to dismiss.

Gill's sole issue is overruled, and the trial court's "Order Denying Defendant, Kory Lee Gill, D.O's Chapter 74 Motion to Dismiss," signed on July 19, 2023 is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed July 18, 2024
[CV06]

