

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-23-00126-CV

_____

**PATRICIA S. QUINN, LCSW (INCORRECTLY SUED AS PATRICIA S. QUINN, LMSW),**

                                        **Appellant**

 **v.**

**MATTHEW D. MELTON,**

                                        **Appellee**

_____

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 108482**

_____

# OPINION

_____

Patricia Quinn, LCSW filed this interlocutory appeal to challenge an order that

denied her motion to dismiss for the failure to file an expert report in what she contends

is a health care liability claim pursuant to the Texas Medical Liability Act (TMLA). *See*

TEX. CIV. PRAC. & REMEDIES CODE Ch. 74. Matthew Melton filed this case against Quinn

seeking damages for statements made in a child custody evaluation report prepared by

Quinn. The report had been prepared for use in Melton's earlier marriage dissolution and child custody case (hereinafter "divorce"). *See, generally,* TEX. FAM. CODE Ch. 107, Subch. D.

Quinn filed a motion to dismiss Melton's case against her because Melton did not file an expert report that Quinn contends is required by Section 75.351(a) of the Civil Practice and Remedies Code. After a hearing, the trial court denied Quinn's motion. Quinn filed this interlocutory appeal, complaining in three issues: (1) that the trial court erred by finding that Melton's claims are not health care liability claims; (2) that the trial court erred by finding that Melton was not required to file an expert report; and (3) that the trial court abused its discretion by denying her motion to dismiss. Because we find no reversible error, we affirm the order of the trial court.

**BACKGROUND**

Quinn was a Licensed Master Social Worker (LMSW) at the time she conducted the child custody evaluation.[1]   Pursuant to an agreement by the parties in Melton's divorce, Quinn was appointed and ordered by the trial court to conduct a child custody evaluation pursuant to the standards set forth in Subchapter D of Chapter 107 of the Family Code.

The Family Code defines a child custody evaluation as:

[A]n evaluative process ordered by a court in a contested case through

---

[1] Quinn is now a Licensed Clinical Social Worker (LCSW). For purposes of this appeal, the distinction is not relevant.

which information, opinions, recommendations, and answers to specific questions asked by the court may be:

(A) made regarding:

(i) conservatorship of a child, including the terms and conditions of conservatorship;

(ii) possession of or access to a child, including the terms and conditions of possession or access; or

(iii) any other issue affecting the best interest of a child; and

(B) made to the court, the parties to the suit, the parties' attorneys, and any other person appointed under this chapter by the court in the suit.

TEX. FAM. CODE §107.101(a).

It is important to note at the outset that the Family Code also provides that a person who participates in a child custody evaluation is not a "patient" as defined by Section 611.001(1) of the Health and Safety Code. *See* TEX. FAM. CODE §107.112(h).

As part of the process of conducting the child custody evaluation, the evaluator is required to conduct interviews, observe the child or children, obtain information from various sources relating to the child, the parents, and other family members in the home, and to conduct psychometric testing, if necessary, if the evaluator is licensed and trained to perform the testing. *See* TEX. FAM. CODE §§107.109,107.110. The evaluator's actions "must be in conformance with the professional standard of care applicable to the evaluator's licensure and any administrative rules, ethical standards, or guidelines adopted by the licensing authority that licenses the evaluator."[2] TEX. FAM. CODE

---

[2] The statutory authority for licensed social workers is set forth in Chapter 505 of the Texas Occupations Code. *See* TEX. OCC. CODE Ch. 505. The Texas Behavioral Health Executive Council is the state agency authorized by state law to administer and enforce Chapter 505 of the Occupations Code. *See* TEX. OCC. CODE Ch. 507.

§107.108(a).

The evaluator is then required to "prepare a report containing the evaluator's findings, opinions, recommendations, and answers to specific questions asked by the court relating to the evaluation." TEX. FAM. CODE §107.113(a). A child custody evaluator is the only person who can properly give "an expert opinion or recommendation relating to the conservatorship of or possession of or access to a child" in a custody proceeding. *See* TEX. FAM. CODE §104.008(a).

Quinn prepared the evaluation report which was filed in Melton's divorce proceeding on January 19, 2019.

On June 1, 2022, Melton, acting *pro se*, initiated this case by filing a petition against Quinn asserting claims for what he labeled as negligence, gross negligence, abuse of official capacity, official oppression, dereliction of duty, conspiracy, and intentional infliction of emotional distress as well as multiple violations of the Penal Code. The alleged basis for his claims is that Quinn made findings in the child custody evaluation report in his ex-wife's favor because Quinn and his ex-wife were friends, and that the report included false statements that Quinn had received from the children's counselor regarding a SWAT team surrounding his house at some point.[3] Melton contended that

---

[3] Melton also filed a separate lawsuit against the counselor who provided the complained-of statements relating to the SWAT team to Quinn. In the same order as the denial of Quinn's motion to dismiss, the proceeding against the counselor was dismissed pursuant to a motion for summary judgment asserting that the statute of limitations had passed and asserting judicial immunity. That proceeding was not otherwise part of this proceeding. However, the pleadings from the proceeding against the counselor were filed with this Court in a supplemental clerk's record. However, the trial court expressly did not take

this statement was false and that Quinn's failure to properly investigate and evaluate the statement caused him harm because he settled his custody claims in the divorce case based on the child custody evaluation report and his reputation was damaged.

Quinn's answer was filed in this case on July 11, 2022. A motion to dismiss was filed on December 28, 2022, with Quinn alleging that Melton's claims were health care liability claims and that Melton failed to file an expert report under the TMLA within 120 days of her answer.

After the hearing on Quinn's motion to dismiss, the trial court signed an order that included a finding that there was nothing in the record to show that Quinn provided health care. The trial court denied Quinn's motion to dismiss.

*Applicable Law and Standard of Review*

We generally review a trial court's order on a motion to dismiss pursuant to section 74.351(b) of the TMLA under an abuse-of-discretion standard. *See Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001). However, whether a claim asserts a health care liability claim is a question of law which we review *de novo*. *Lake Jackson Med. Spa v. Gaytan*, 640 S.W.3d 830, 836 (Tex. 2022). In doing so, we consider the underlying nature of the claim rather than its label. *Baylor Scott & White, Hillcrest Med. Ctr. v. Weems*, 575 S.W.3d 357, 363 (Tex.

---

judicial notice of that proceeding or the filings in that proceeding in making its ruling in this proceeding and Quinn has not complained in this appeal that the trial court erred for failing to take judicial notice of those findings. Therefore, this Court will not consider those filings in this appeal.

2019).

"Health care liability claim" is defined in Section 74.001(13) in relevant part as:

[A] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REMEDIES CODE §74.001(a)(13). Thus, a health care liability claim has three elements: (1) a suit against a physician or health care provider; (2) the claims asserted are grounded in treatment, lack of treatment, or a departure from accepted standards of medical care, health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's act or omission must have proximately caused the injury to the plaintiff. *Lake Jackson Med. Spa v. Gaytan*, 640 S.W.3d 830, 840 (Tex. 2022).

Quinn's first issue challenges the trial court's findings as they relate to the first two elements, specifically that (1) Quinn is not a heath care provider and (2) that Quinn did not render health care services. We will examine the second part of Quinn's argument first and because of our conclusion we need not determine if a licensed social worker conducting a child custody evaluation is a health care provider.

To determine whether Quinn provided "health care," we turn to the language of the Act. *See Rogers v. Bagley*, 623 S.W.3d 343, 350 (Tex. 2021).

"Health care" is defined in Chapter 74 as:

[A]ny act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement.

TEX. CIV. PRAC. & REMEDIES CODE §74.001(a)(10).

**APPLICATION**

Although Melton's claims can be viewed as assertions that Quinn departed from accepted standards of a licensed social worker, the departures, if any, were not related to the provision of "health care." That is because a child custody evaluation is not providing "health care" to any "patient." Instead, it is an investigative report prepared to assist a trial court in its determination of whatever issues are before it relating to "conservatorship of or possession of or access to a child," or any other relevant issue relating to a child. TEX. FAM. CODE §104.008(a). The participation of the parties in the child custody evaluation does not invoke the provision of any service "for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement" as "health care" is defined in Chapter 74. *See* TEX. CIV. PRAC. & REMEDIES CODE §74.001(a)(10). Moreover, the Family Code expressly provides that a person who participates in a child custody evaluation is not a "patient" as defined in the Health and Safety Code. TEX. FAM. CODE §107.112(h). Because of this, based on our review of the record properly before the trial court in this proceeding, we find that Melton's claims are not health care liability claims because they do not relate to the provision of "health care." Therefore, the trial court did not err in denying Quinn's motion to dismiss for failing to file an expert report. We overrule

Quinn's first issue.[4]

**CONCLUSION**

Having found no reversible error, we affirm the order of the trial court.[5]



                                        TOM GRAY
                                        Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed July 25, 2024
[CV06]



---

[4] Because of our disposition of this part of Quinn's first issue, we need not address the other part of her first issue which is whether Quinn, as a licensed social worker, is a health care provider, or issues two and three because those issues require this Court to sustain her first issue.

[5] In his appellate brief, Melton requests that we find Quinn's appeal to be frivolous and to award him damages pursuant to Rule of Appellate Procedure 45. *See* TEX. R. APP. P. 45. Because we do not find this appeal to be frivolous, Melton's request is denied.