**Affirmed and Memorandum Opinion filed August 18, 2020.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-17-00790-CV

---

### JBRICE HOLDINGS LLC AND 231 W. TRIOAKS LANE, AN INDIVIDUAL SERIES OF JBRICE HOLDINGS, L.L.C, Appellants

### V.

### WILCREST WALK TOWNHOMES ASSOCIATION, INC., Appellee

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-38805**

---

### MEMORANDUM OPINION

Appellants JBrice Holdings, L.L.C., and 231 Trioaks Lane, an individual series of JBrice Holdings, L.L.C. (collectively "JBrice") seek reversal of the trial court's final judgment in favor of appellee Wilcrest Walk Townhomes Association, Inc. ("Association"), which: (1) incorporated the trial court's earlier grant of the Association's motion for partial summary judgment and the denial of Appellants' motion for partial summary judgment; and (2) after a bench trial awarded the

Association attorney's fees for both trial and appeal, issued a permanent injunction against JBrice, and denied the relief sought by JBrice. Finding no error, we affirm the judgment of the trial court.

## I.    BACKGROUND

The Association is a Texas Non-Profit corporation which governs the Wilcrest Walk Townhome community, a residential subdivision. The Wilcrest Walk Townhome community is "a highly restricted and modern townhome subdivision of the highest quality."

JBrice bought two townhomes in the Wilcrest Walk located at 230 and 231 W. Tri Oaks Drive, Houston, Harris County, Texas (the "Properties"). JBrice rents each townhome for terms of one to ten days. JBrice rented its townhomes on Airbnb. Each of JBrice's townhouse occupants accessed the unit through keypads on the door at the Properties. JBrice sent cleaning crews to the Properties after the occupants departed. JBrice pays state and local short-term rental occupancy taxes on the rental, such as the Texas Hotel Tax.

The Properties are subject to The Declaration of Covenants, Conditions and Restrictions of the Association (the "Restrictions") and are governed by the Association. The Restrictions are "for the purpose of protecting the value and desirability" of the Wilcrest Walk Townhome community.

In March and May of 2016, the Association sent letters requesting JBrice to cease and desist from renting the Properties "for short term hotel, vacation rental, and/or transient use" in violation of the Restrictions' single-family residential use provision.

2

On June 7, 2016, JBrice sued the Association under the Declaratory Judgment Act, seeking a declaration that the Restrictions do not restrict the duration of owner or tenant periods of occupancy.

On July 1, 2016, the Association filed a counterclaim against JBrice for breach of the Restrictions for failure to comply with the Residential use provision, and for nuisance in the operation of a commercial business in violation of the nuisance provision, the annoyance provision, and the Association's Rules and Regulations. Additionally, the Association sought injunctive relief to enjoin JBrice from short-term rental of the Properties and other violations of the Association's Declaration, By-Laws or Rules and Regulations, and requested attorney's fees under Section 5.006 of the Texas Property Code and Chapter 38 of the Texas Civil Practice & Remedies Code.

On January 30, 2017, the Association's board of directors adopted rules barring short-term rentals. On March 13, 2017, JBrice filed an amended petition for declaratory relief, seeking a declaration that: (1) the Rules and Regulations are void and unenforceable to the extent they seek to regulate anything beyond the use of the Common Area any facilities situated thereon; and (2) the Rules and Regulations are void as concerns duration of occupancy or leasing, because they go beyond the scope of the powers granted to the Association by the deed restrictions, or because they conflict with the broad grant of leasing rights in the deed restrictions.

On August 22, 2016, JBrice filed its Motion for Partial Summary Judgment as to its declaratory judgment claim and the Association's counterclaim "to the extent the counterclaim is invalid owing to the meaning of the deed restrictions." On October 27, 2016, JBrice supplemented its Motion for Partial Summary Judgment. The Association filed a response to JBrice's Motion for Partial Summary Judgment on November 21, 2016.

On November 23, 2016, the Association filed its Motion for Partial Summary Judgment as to JBrice's declaratory judgment claim and the Association's breach of contract claim based on JBrice's violation of the single-family residential use provision of the Restrictions. JBrice filed a response to the Association's Motion for Partial Summary Judgment on January 17, 2017.

On April 27, 2017, the trial court granted the Association's Motion for Partial Summary Judgment, and impliedly denied Brice's Motion for Partial Summary Judgment, finding that Brice had breached the Association's restrictive covenants by renting for short terms and called the case to trial.

The Association nonsuited its claim for nuisance. The remaining issues at trial were the Association's claims for breach of restrictive covenants, request for permanent injunction, and award of attorney's fees, and JBrice's remaining declaratory judgment claims. At the conclusion of trial, the trial court granted judgment in favor of the Association and awarded attorney's fees to the Association. The trial court also granted the Association's request for a permanent injunction.

At trial, the trial court determined (1) the Association has the power to adopt rules concerning leasing, and (2) the rule barring short-term rentals is enforceable.

The trial court signed a final judgment on September 26, 2017, which: (1) restated the trial court's grant of the Association's Motion for Partial Summary Judgment and denial of JBrice's Motion for Partial Summary Judgment, (2) denied the relief sought by JBrice, (3) granted the Association injunctive relief and an award of attorney's fees, and (4) denied all relief not expressly granted in the judgment, which effectively denied JBrice's request for a declaratory judgment that the Rules the Association's board of directors adopted barring short-term rentals are void and unenforceable.

## II. STANDARDS OF REVIEW

Because the trial court's final judgment is based on both summary judgment proceedings and a bench trial, we must apply the standards of review applicable to summary judgments and to judgments after a bench trial.

### A. Summary Judgment

We review de novo a trial court's order granting a traditional summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment, we examine the record in the light most favorable to the nonmoving party, indulging every reasonable inference and resolving any doubts in the nonmoving party's favor. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015).

The party moving for traditional summary judgment bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). Once the movant facially establishes its right to summary judgment, the burden shifts to the nonmovant to present a material fact issue that precludes summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented. *Mann Frankfort*, 289 S.W.3d at 848. The reviewing court should render the judgment that the trial court should have

rendered. *See Myrad Props., Inc. v. LaSalle Bank Nat'l Ass'n*, 300 S.W.3d 746, 753 (Tex. 2009); *Mann Frankfort*, 289 S.W.3d at 848.

## B. Judgment after Bench Trial

In a nonjury trial, when, as here, the trial court makes no findings of fact and conclusions of law, all necessary findings in support of the trial court's judgment are implied. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). An erroneous conclusion of law does not require reversal if the trial court rendered the proper judgment. *Bos v. Smith*, 556 S.W.3d 293, 299 (Tex. 2018). In the absence of findings of fact or conclusions of law, a trial court's judgment will be upheld on any legal theory supported by the record. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011).

## III. ANALYSIS

Through its Motion for Partial Summary Judgment and/or the evidence at trial, the Association presented three independent legal theories which it asserts are each sufficient to support the trial court's final judgment: (1) JBrice's short-term rentals of the Properties violate the Restrictions prohibiting the Properties from being used or occupied "for any purpose other than as a private single family residence"; (2) the Association's adoption of the Amended Rules barring hotel and transient use of townhomes was valid; and (3) JBrice's short-term rental activity violated the Restrictions as a nuisance.

As discussed below, we conclude that the Association's legal theory—that the Association's adoption of the Amended Rules barring hotel and transient use of townhomes is valid—is supported by the record and supports the final judgment. Therefore, we need not address whether the record also supports the Association's other two legal theories, as well as JBrice's first issue contending that the "residential

6

use provision of the Restrictions do not prohibit short-term leasing.". *See* Tex. R. App. P. 47.1 (opinion must be as brief as practicable and address every issue raised that is necessary to the disposition of the appeal); *Lance v. Robinson*, 543 S.W.3d 723, 740 (Tex. 2018) ("Rule 47.1 requires only that the court of appeals address issues necessary to dispose of the appeal").

## A. The Amended Rules Prohibit Hotel or Transient Use

On January 30, 2017, the Association's board of directors adopted AMENDED AND RESTATED RULES AND REGULATIONS (the "Amended Rules"). The Amended Rules note that section 204.010 of the Texas Property Code authorizes the Association, acting through its Board of Directors, to regulate the use of the subdivision and unambiguously prohibits using a townhome for hotel or transient use:

> 3. LEASE REQUIREMENTS . . . A "lease" and "leasing" as provided in the Declaration and these Rules shall not include any use of the townhome for hotel, motel, or transient use by individuals who do not utilize such townhome as a bona-fide primary or secondary residence. **The use of any townhome for hotel, motel, or transient use shall be and is strictly prohibited**. "Hotel, motel, or transient use" shall be defined so as to include any use for which the payment of a hotel or motel tax to the State of Texas or the City of Houston would be applicable.

(emphasis added). It is undisputed that JBrice was using the Properties for hotel or transient use. JBrice pays hotel taxes on the rents he receives for the Properties and admits in his brief that a short-term rental of a home is a "hotel" under the tax code.

At trial, the court determined that (1) the Association has the power to adopt rules concerning leasing, and (2) the Amended Rules prohibiting hotel or transient use are enforceable. In its final judgment, the trial court denied JBrice's request for a declaratory judgment that the Amended Rules prohibiting hotel or transient use are

void and unenforceable. On appeal, JBrice argues that these rulings are erroneous.

JBrice does not deny that he violated the Amended Rules by using the Properties for hotel or transient use. Rather, JBrice relies on Article II, Section 1 of the Restrictions to attempt to show that the Amended Rules are invalid. Article II, Section 1 provides, "Every owner shall have a right and easement of enjoyment in and to the Common Area . . . subject to the following provisions: (a) the right of the Association to make, publish and enforce reasonable Rules and Regulations for the use of the Common Area and any facilities situated thereon . . . ." JBrice argues that: (1) Article II, Section 1 limits the Association's power to adopt rules to those "for the use of the Common Area", and (2) because the Amended Rules prohibiting hotel or transient use do not pertain to the use of the Common Area, these rules are invalid and unenforceable.

However, JBrice's argument: (1) overlooks section 204.010 of the Texas Property Code, which grants the Association authority to regulate the use of townhomes, and (2) misconstrues Article II, Section 1 as limiting the Association's rule-making authority when it does not. Section 204.010 of the Property Code provides: "(a) Unless otherwise provided by the restrictions or the association's articles of incorporation or bylaws, the property owners' association, acting through its board of directors or trustees, may: (1) adopt and amend bylaws; . . . (6) regulate the use, maintenance, repair, replacement, modification, and appearance of the subdivision; . . . ." Tex. Prop. Code § 204.010. Section 204.010 of the Property Code provides an independent source of authority for a property owners' association to regulate the use of a subdivision. *Bridgewater Cmty. Ass'n v. Green*, No. 14-14-00333-CV, 2015 WL 4051953, at *2 (Tex. App.—Houston [14th Dist.] July 2, 2015, no pet.) (mem. op.).[1] In *Rutherford v. Norred*, No. 14-05-00571-CV, 2006 WL

---

[1] For example, in *Landing Cmty. Improvement Ass'n, Inc. v. Young*, No. 01-15-00816-CV,

771467, at \*2 (Tex. App.—Houston [14th Dist.] Mar. 28, 2006, pet. denied) (mem. op.), our court recognized:

> These statutes [including section 204.010 of the Property Code] give homeowners associations broad authority unless "otherwise provided" in their governing documents. Such limitations must be specifically stated. *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 169 (Tex.2004). Silence on an issue cannot "otherwise provide[ ]." *Id.*; *see also Brooks v. Northglen Ass'n*, 76 S.W.3d 162, 167 (Tex. App.—Texarkana 2002) ("We can find no instance where silence on the subject has been construed as 'otherwise providing.' "), rev'd in part on other grounds, 141 S.W.3d 158 (Tex. 2004). Thus, the powers provided in these statutes need not be enumerated in a homeowners association's governing documents.

Similarly, the Association's governing documents, including the Restrictions, are silent as to the authority of the Association to adopt rules regulating the use of a townhome, such as its Amended Rules prohibiting hotel or transient use. Nor do the Restrictions prohibit the adoption of such rules. That Article II, Section 1 of the Restrictions provides that the Association has the right to make Rules and Regulations for the use of the Common Area does not imply that the Association may not make Rules and Regulations for the use of the subdivision as a whole, as expressly authorized by section 204.010(a)(6) of the Property Code. In fact, when

---

2018 WL 2305540 (Tex. App.—Houston [1st Dist.] May 22, 2018, pet. denied) (mem. op.), the Association's Board of Trustees adopted "Exterior Maintenance Guidelines" (the "Guidelines"), which provided "[all improvements on a lot must be maintained in a state of good repair and shall not be allowed to deteriorate." The Association sued Young for violating the Guidelines. The First Court of Appeals recognized that section 204.010 of the Property Code authorizes the Association to regulate the use, maintenance, repair, replacement, modification, and appearance of the subdivision. *Id*. at \*18. Young argued that section 204.010 does not apply because the Guidelines constitute amendments to the Deed Restrictions. *Id*. The court of appeals concluded that (1) the Guidelines do not constitute an amendment to the Deed Restrictions, and (2) "the Guidelines were validly promulgated pursuant to Property Code section 204.010, which specifically authorizes the Association to "regulate the use, maintenance, repair, replacement, modification, and appearance of the subdivision." *Id*. at \*21.

read as a whole, Article II, Section 1 actually imposes a limitation on the owners' rights, not the Association's rights—by making the owner's rights subject to right Association's right to make rules. We must read a contract in such a way that any potential conflicts are harmonized. *Northborough Corp. Ltd. P'ship v. Cushman & Wakefield of Tex., Inc.*, 162 S.W.3d 816, 820 (Tex. App.—Houston [14th Dist.] 2005, no pet.). We see no conflict between Article II, Section 1 of the Restrictions and the Amended Rules's prohibition of hotel or transient use. Because the Restrictions do not "otherwise provide" section 204.010(a)(6) of the Property Code authorized the Association to regulate the use of townhomes and the subdivision as a whole, as it did in the Amended Rules. *See* Tex. Prop. Code § 204.010(a)(6).

Therefore, JBrice has not shown that the trial court erred by: (1) determining that the Association has the power to adopt rules prohibiting hotel or transient use, and (2) denying JBrice's request for a declaratory judgment that the Amended Rules barring hotel or transient use are void and unenforceable. These rulings are sufficient to support the trial court's final judgment, which must be affirmed under any legal theory that is supported by the record. *See Rosemond*, 331 S.W.3d at 766. We overrule JBrice's second issue challenging these rulings.

## C.     The Permanent Injunction

JBrice argues that the permanent injunction should be reversed because it is premised on the trial court's erroneous legal determination that JBrice's short-term rentals and hotel use of the Properties are not permitted. This argument fails because, as discussed above, the trial court correctly upheld the Association's Amended Rules prohibiting hotel use. We overrule JBrice's issue challenging the permanent injunction.

## D.     Attorney's Fees

JBrice argues that the award of attorney's fees to the Association should be reversed because it is based on the trial court's erroneous legal determination that

JBrice's short-term rentals and hotel use are not permitted. This argument fails because, as discussed above, the trial court correctly upheld the Association's Amended Rules prohibiting hotel use.

JBrice also argues that the award of attorney's fees should be reversed because the record does not show that JBrice breached a restrictive covenant and that the Association is therefore entitled to recover attorney's fees under section 5.006 of the Property Code. To the contrary, the record does show that JBrice breached a restrictive covenant. Under the Texas Property Code, "restrictive covenant" is defined as "any covenant, condition, or restriction contained in a dedicatory instrument, whether mandatory, prohibitive, permissive, or administrative." Tex. Prop. Code § 202.001(4). "Dedicatory instrument" means each document governing the establishment, maintenance, or operation of a residential subdivision, planned unit development, condominium or townhome regime, or any similar planned development. Tex. Prop. Code Ann. § 202.001(1). "A 'restrictive covenant' is a negative covenant that limits permissible uses of land." *Tarr v. Timberwood Park Owners Ass'n, Inc*., 556 S.W.3d 274, 279 (Tex. 2018) (quoting RESTATEMENT (THIRD) OF PROP.: SERVITUDES § 1.3(3) (Am. L. Inst. 2000)).

The Amended Rules, which prohibit hotel or transient use of a townhome, is a restrictive covenant because it is a document governing the operation of a townhome regime that limits the use of the townhomes. "In an action based on breach of a restrictive covenant pertaining to real property, the court shall allow to a prevailing party who asserted the action reasonable attorney's fees in addition to the party's costs and claim." Tex. Prop. Code § 5.006. Accordingly, JBrice's breach of the restrictive covenant contained in the Amended Rules supports the trial court's award of the Association's attorney's fees. We overrule JBrice's issue challenging the award of attorney's fees.

11

## IV. CONCLUSION

For these reasons, we affirm the trial court's judgment.


/s/    Margaret "Meg" Poissant
Justice

Panel consists of Justices Wise, Jewell and Poissant.