

# NUMBER 13-07-00604-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ARMANDO MONCADO, M.D.,** **Appellant,**

**v.**

**MARGARITO TRUJILLO,** **Appellee.**

---

**On appeal from the County Court at Law No. 6.
of Hidalgo County, Texas.**

---

# O P I N I O N

**Before Chief Justice Valdez and Justices Garza and Benavides
Opinion by Chief Justice Valdez**

Appellant Armado Moncado, M.D., appeals from the trial court's denial of his motion to dismiss due to the failure of appellee Margarito Trujillo to file a timely expert report under section 74.351 of the civil practice and remedies code.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2007). By a single issue, Moncado contends that the trial court erred in denying his dismissal motion when it had sustained his objections to Trujillo's

---

[1] Trujillo has not filed an appellee's brief.

only expert report.  We affirm the interlocutory order and remand for further proceedings.

## I. BACKGROUND

In February 2005, Trujillo underwent aortocoronary bypass surgery at Doctors Hospital at Renaissance in McAllen, Texas.  Trujillo developed a hematoma in his right wrist as an alleged result of the anesthesiologist's placement of an arterial line before the surgery.  Moncado, a plastic and hand surgeon, evaluated Trujillo's right wrist and did not recommend surgical intervention; instead, he concluded that the problem would resolve itself.  Trujillo's right wrist and hand, however, eventually needed evacuation of the hematoma and carpal tunnel decompression surgery.

On April 4, 2007, Trujillo sued Doctors Hospital, Moncado, and the anesthesiologist asserting health care liability claims.  On May 31, 2007, Trujillo produced a medical report by Michael Staschak, M.D., that did not name Moncado at all.  On June 20, 2007, Moncado filed objections to Staschak's qualifications under section 74.401 of the civil practice and remedies code and moved to strike the entire report.  *See id*. § 74.401 (Vernon 2005).  On July 30, 2007, Moncado filed a motion to dismiss Trujillo's suit on the grounds that Staschak's report constituted "no report."  Moncado argued that under section 74.351 of the civil practice and remedies code, Trujillo had until August 2, 2007, to file a satisfactory report and that if he did not file one by then, the trial court was obligated to dismiss Trujillo's claims and award Moncado attorney's fees.[2]  *See id.* § 74.351(b).  A

---

[2] Section 74.351(a) of the civil practice and remedies code provides that:

In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.  The date for serving the report may be extended by written agreement of the affected parties.  Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.

2

hearing was held on Moncado's motions on August 9, 2007. At the hearing, Trujillo asked the court for a thirty-day extension of time to file an adequate report, should the trial court find his current report deficient. On August 30, the trial court issued an order granting Moncado's objections to Staschak's report but denying the dismissal motion. On September 7, 2007, Trujillo filed an amended report by Staschak. This interlocutory appeal ensued. *See id*. § 51.014(a)(9) (Vernon Supp. 2007).

## II. DISCUSSION

On appeal, Moncado argues that because the trial court granted his objections to Staschak's report, it was required to dismiss Trujillo's health care liability claims for failure to timely provide an expert medical report. We disagree.

## A.    Standard of Review

We review a trial court's decision on a section 74.351(b) motion to dismiss for abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001); *Gray v. CHCA Bayshore L.P.*, 189 S.W.3d 855, 858 (Tex. App.–Houston [1st Dist.] 2006, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *See Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). A trial court does not abuse its discretion merely because it decides a discretionary matter differently than an appellate court would in a similar circumstance. *Gray*, 189 S.W.3d at 858. However, a trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *Baylor Univ. Med. Ctr. v. Biggs*, 237 S.W.3d

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp. 2007).

3

909, 916 (Tex. App.–Dallas 2007, pet. denied).

**B.    Applicable Law and Analysis**

Trujillo filed his original petition on April 4, 2007.  Under section 74.351(a), Trujillo had until August 2, 2007 to serve an adequate report.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).  An adequate report must specify each individual defendant's negligent conduct.  *See Palacios*, 46 S.W.3d at 879; *Taylor v. Christus Spohn Health Sys. Corp.*, 169 S.W.3d 241, 245-46 (Tex. App.–Corpus Christi 2004, no pet.) (holding that a trial court did not abuse its discretion in finding that an expert report that grouped defendants together was inadequate).  Furthermore, the expert report statute provides:

> If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:
>
> (1)    awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider;  and
>
> (2)  dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (Vernon Supp. 2007).  Staschak's report, which does not mention Moncado, was found inadequate by the trial court.  The trial court's order reads:

> BE IT REMEMBERED that on the 9ᵗʰ day of August, 2007, came on to be considered Defendant ARMANDO MONCADO, M.D. Objections to Expert Report and Motion to Dismiss, and this Court, after consideration of same and argument of counsel, is of the opinion that such objections have merit, but that the Motion to Dismiss should be denied.
>
> IT IS, ACCORDINGLY, ORDERED that Defendant's Moncada's [sic] Objections to the expert report of Dr. Staschack are hereby **GRANTED**, and IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Motion to Dismiss filed by the Defendant herein is hereby **DENIED**.

A review of the reporter's record from the August 9 hearing reveals that Trujillo

4

contended that the report was adequate, but, if it was found inadequate, then he could have thirty days to cure any deficiency. The trial court took the matter under advisement, and it issued its order on August 30. Trujillo filed an amended report on September 7, 2007. Moncado posits that the sole issue is whether the trial court abused its discretion by not dismissing Trujillo's claim after it had sustained Moncado's objections to Staschak's report. Moncado does not explain, however, why the trial court did not dismiss Trujillo's claim and why Trujillo filed a new expert report within thirty days of the trial court's order. *See id*. § 74.351(c) (providing that a trial court may grant one thirty-day extension for a health care liability claimant to cure any deficiencies in her expert report).

It could be that the trial court implicitly granted Trujillo a thirty-day extension by not dismissing his claim despite ruling that Staschak's report was inadequate. *See id*.; *see also*, *Watkins v. Jones*, 192 S.W.3d 672, 675 (Tex. App.–Corpus Christi 2006, orig. proceeding) (applying mandamus standard of review to an original proceeding relating to an expert medical report and holding that a trial court may implicitly grant an extension). Based upon the record before us, Moncado has not established that the trial court abused its discretion. Accordingly, Moncado's sole issue is overruled.

### III. CONCLUSION

The trial court's interlocutory order is affirmed and the case is remanded back to the trial court so that it can consider Staschak's amended report.

_____
ROGELIO VALDEZ
Chief Justice

Opinion delivered and filed
this the 21st day of August, 2008.