

# NUMBER 13-21-00334-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GREG MILLER, LMFT, CADC II,
ICADC, LMFT-S,                                                    Appellant,

## v.

EMILY CASTLEMAN,                                                  Appellee.

### On appeal from the 200th District Court
### of Travis County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Tijerina
### Memorandum Opinion by Justice Benavides

This is an interlocutory appeal from the trial court's denial of appellant Greg Miller,

LMFT, CADC II, ICADC, LMFT-S's, motion to dismiss appellee Emily Castleman's

healthcare liability claims. By three issues, which we analyze as one, Miller contends that

the trial court abused its discretion by denying his motion to dismiss because Castleman's

expert report was untimely served. We affirm.

## I. BACKGROUND[1]

In October of 2020, Castleman filed an original petition asserting that Miller's care as a licensed marriage and family therapist (LMFT) was deficient, caused her mental health to deteriorate, and resulted in "extreme mental and physical trauma."

Miller filed a plea in abatement and answer on January 28, 2021, requesting that all proceedings be abated for sixty days pursuant to Texas Civil Practice and Remedies Code § 74.052(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.052(a) (providing that a health care liability claimant's failure to authorize the release of protected health information "shall abate all further proceedings . . . until 60 days following receipt by the physician or health care provider of the required authorization"). On July 7, 2021, Miller filed a motion to dismiss, asserting that Castleman had asserted a health care liability claim but failed to file an expert report by May 28, 2021, as required under Chapter 74. *See id.* § 74.351(b). The parties agree that Castleman did not file a motion to extend the deadline, nor did she confer with Miller about extending the deadline. However, on July 27, 2021, sixty days after the expert report deadline, Castleman served Miller with an expert report produced by Shari Julian, Ph.D.

Castleman filed two responses to Miller's motion to dismiss. In her second

---

[1] This appeal was transferred to this Court from the Third Court of Appeals in Austin by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). Because this is a transfer case, we follow the precedent of the transferor court to the extent it differs from our own. *See* TEX. R. APP. P. 41.3. However, the dispositive issue here appears to be a matter of first impression for both the Third Court of Appeals and this Court. *See id.*; *see also Broadway v. Lean on 8, Inc.*, No. 03-21-00663-CV, 2022 WL 3691678, at *4 (Tex. App.—Austin Aug. 26, 2022, no pet. h.) (mem. op.) (expressing "no opinion" on "whether the emergency orders would permit the retroactive extension of [a] statute of limitations").

2

response, filed on August 28, 2021, Castleman requested that the trial court deny Miller's motion to dismiss and that it retroactively extend the expert report deadline to ensure her compliance with the requirements of Chapter 74.[2] She also attached an unsworn declaration signed by Dr. Julian to her response. In her declaration, Dr. Julian explained that she first began experiencing flulike symptoms on May 5, 2021, and "by the time that [she] was diagnosed with C[OVID-]19, in mid[-]May 2021, [Dr. Julian] was very ill, unable to eat, walk, or be awake[] for 20 to 21 hours per day." On or about June 1, 2021, Dr. Julian "was diagnosed with . . . concurrent [s]trep [t]hroat." Dr. Julian attested that she was unable to "do any work[] or take care of [her] daily needs" during this time period. She stated that she was "still not completely well" and had "periods of extreme weakness and fatigue which [her] physician . . . attributed to C[OVID-]19."

On September 1, 2021, the trial court heard Miller's motion to dismiss. Counsel for Castleman acknowledged that the expert report was served after May 28, 2021, but detailed his attempts to communicate, stating that when he "reached out" to Dr. Julian by email on May 15, 2021, Dr. Julian did not respond. Castleman's counsel explained that when he was able to reach her, he learned that Dr. Julian "wasn't able to get the report done during this May 15th to May 28th time frame" because of her COVID-19 symptoms.

---

[2] In both her first and second responses, Castleman asserted that Miller's plea in abatement halted the proceedings and extended the deadline for sixty days. However, there is no indication in the record that the court granted the plea or abated the proceedings for any reason. In any event, it is well-settled that an abatement for failure to comply with notice or authorization requirements does not toll the deadline to serve an expert report in a health care liability claim, and Castleman does not revive this argument on appeal. *See Estate of Regis ex rel. McWashington v. Harris Cnty. Hosp. Dist.*, 208 S.W.3d 64, 69 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Emeritus Corp. v. Highsmith*, 211 S.W.3d 321, 329–30 (Tex. App.—San Antonio 2006, pet. denied); *see also Reid v. Seton Hosp.*, No. 03-16-00301-CV, 2016 WL 7046843, at *2 (Tex. App.—Austin Nov. 30, 2016, no pet.) (mem. op.). Therefore, we will not address this issue further. *See* TEX. R. APP. P. 47.1.

Counsel argued, "And I think this is the exact kind of circumstance that the Supreme Court's emergency order that [sic] allows this [c]ourt to set aside any deadline."

At the conclusion of the hearing, the trial court stated, "Okay. So due to the COVID issue, due to the fact that licensed family marriage counselors are not listed under Chapter 74, and because of the COVID issues raised by plaintiff, the [c]ourt is going to deny the motion to dismiss." The following day, the trial court signed a written order denying Miller's motion to dismiss. The order did not reference COVID-19, and it did not explicitly state that the deadline to serve the expert report was extended.

This interlocutory appeal followed. *See id.* § 51.014(a)(9).

## II. STANDARD OF REVIEW & APPLICABLE LAW

Under the Texas Medical Liability Act (TMLA), a claimant in a "health care liability claim" must serve an expert report on the defendant health care provider within 120 days of the filing of the defendant's answer, unless the parties otherwise agree in writing to extend the deadline. *Id.* § 74.351(a). If this "statute-of-limitations-type deadline" is not met, the court, on the motion of the defendant health care provider, must dismiss the claim with prejudice and award the health care provider reasonable attorney's fees and court costs. *Ogletree v. Matthews*, 262 S.W.3d 316, 319–20 (Tex. 2007); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b).

We review a trial court's decision to deny a Chapter 74 motion to dismiss for an abuse of discretion. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011); *Hayes v. Carroll*, 314 S.W.3d 494, 503 (Tex. App.—Austin 2010, no pet.). "An abuse of discretion occurs when a trial court acts in an arbitrary or unreasonable manner or without reference

4

to any guiding rules or principles." *Parker v. CSS/Meadow Pines, Inc.*, 166 S.W.3d 509, 511 (Tex. App.—Texarkana 2005, no pet.); *see Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

With respect to factual issues, we may not substitute our judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. Thus, we defer to the trial court's factual determinations if they are supported by the evidence. *Adams v. Godhania*, 635 S.W.3d 454, 458 (Tex. 2021) (citing *Haedge v. Cent. Tex. Cattlemen's Ass'n*, 603 S.W.3d 824, 827 (Tex. 2020)). However, a trial court has no discretion to determine what the law is or how to apply the law to the facts. *Id.* "A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Hayes*, 314 S.W.3d at 503.

### III.    ANALYSIS

As a preliminary matter, the parties dispute whether the TMLA applies to Castleman's claims, as the parties disagree on whether an LMFT is a "health care provider" under the TMLA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (stating that a "health care liability claim" must be "a cause of action against a health care provider or physician"); *see also id.* § 74.001(a)(12)(A) (defining "health care provider"). For the purposes of this analysis, we assume without deciding that Chapter 74 applies and that an expert report was therefore necessary.

Miller does not dispute the sufficiency of Dr. Julian's expert report; rather, he argues it did not comply with Chapter 74 because it was untimely filed. Thus, to determine whether the trial court acted within its discretion in denying Miller's motion to dismiss, we need only answer two questions: (1) did the COVID-19 emergency orders imbue a trial

court with the discretion to retroactively extend the expert report deadline, and (2) did the trial court retroactively extend the expert report deadline in this case?

Whether the trial court may permit the plaintiff additional time beyond the 120-day deadline is a legal question. *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011); *see Kim v. Ramos*, 632 S.W.3d 258, 265 (Tex. App.—Houston [1st Dist.] no pet.). Thus, we review this specific issue de novo. *See Stockton*, 336 S.W.3d at 615; *Kim*, 632 S.W.3d at 265. The supreme court is vested with the power to modify or suspend certain procedures that are affected by disasters. TEX. GOV'T CODE ANN. § 22.035(b). On July 19, 2021, the Texas Supreme Court exercised this power and signed the Fortieth Emergency Order Regarding the COVID-19 State of Disaster. *See Fortieth Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d 911 (Tex. 2021). This order permitted all courts in Texas "in any case, civil or criminal, without a participant's consent" to "modify or suspend any and all deadlines and procedures, whether prescribed by statute rule, or order, for a stated period ending no later than October 1, 2021," "[s]ubject only to constitutional limitations." *Id.* at 912.[3]

Miller argues that Castleman failed to do several things to warrant an extension or modification of the expert report deadline prior to the deadline lapsing. According to Miller, Castleman "could have (1) requested an extension from Miller, (2) requested an extension from the [c]ourt, (3) sought an order from the [c]ourt on the Plea in Abatement providing the expert deadline was extended, (4) obtained a partial report from Dr. Julian, or

---

[3] This discretion was not extended to a court when presiding over certain proceedings brought under the family code that are not applicable here. *See Fortieth Emergency Order Regarding the COVID-19 State of Disaster,* 629 S.W.3d 911, 912 (Tex. 2021).

(5) retained another expert." But the emergency order in question does not require Castleman to take any of these steps before a deadline can be modified. *See id.*; *Kim v. Ramos*, 632 S.W.3d 258, 271 (Tex. App.—Houston [1st Dist.] 2021, no pet.). Our sister court has held that "we must construe the COVID-19 Emergency Orders according to their plain terms, and those terms authorize a trial court to modify an expert-report deadline '[s]ubject *only* to constitutional limitations.'" *Ajao v. Hall*, No. 14-21-00123-CV, 2022 WL 3037550, at *4 (Tex. App.—Houston [14th Dist.] Aug. 2, 2022, no pet. h.) (citing *Kim*, 632 S.W.3d at 271). We agree with this construction.

Miller does not contend that either the state or federal constitution forbade the trial court from retroactively granting an extension. The emergency order does not specify that the issue of an extension must be brought before the court or ruled on by the court prior to a deadline lapsing. *See Fortieth Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d at 912. Additionally, extensions of the expert report deadline have on occasion been granted by a trial court after the deadline has passed. *See Kim*, 632 S.W.3d at 262–63; *Hanzi v. Bailey*, 48 S.W.3d 259, 263–64 (Tex. App.—San Antonio 2001, pet. denied). The supreme court's emergency orders relating to COVID-19 undoubtedly vest trial courts with "broad discretion" to modify deadlines and procedures. *See Kim*, 632 S.W.3d at 270; *see also Broadway v. Lean on 8, Inc.*, No. 03-21-00663-CV, 2022 WL 3691678, at *4 (Tex. App.—Austin Aug. 26, 2022, no pet.) (mem. op.); *CBS Stations Grp. Of Tex., LLC v. Burns*, No. 05-20-00700-CV, 2020 WL 7065827, at *2 (Tex. App.—Dallas Dec. 3, 2020, no pet.) (mem. op.). In the absence of any constitutional concern, we conclude that the trial court was authorized to retroactively extend the expert

7

report deadline. *See Fortieth Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d at 912.

Miller argues that, because the trial court did not enter an order explicitly extending the deadline, the deadline was not actually extended. However, as he acknowledges in his reply brief, "[i]n the absence of findings of fact or conclusions of law, a trial court's judgment will be upheld on any theory supported by the record." *See Rosemond*, 331 S.W.3d at 766. A court does not have discretion to deny a motion to dismiss when a timely expert report has not been served. *Ogletree*, 262 S.W.3d at 319. But here, the trial court did deny the motion, and because of this, we must presume that the trial court found the report served by Castleman on July 27, 2021, was timely. *See Rosemond*, 331 S.W.3d at 766.

Assuming the TMLA applies to Castleman's suit, the only permissible way the trial court could have found the report to be timely was if it had used its discretion under the emergency order to enlarge the deadline to serve the report. *Cf. Kim*, 632 S.W.3d at 262–63. A court may implicitly extend the expert report deadline when denying a motion to dismiss. *See Moncado v. Trujillo*, 267 S.W.3d 420, 423 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.). Here, the trial judge stated at the hearing that, "due," in part, "to the COVID issue," she was denying the motion to dismiss. Because an implicit order extending the deadline pursuant to the COVID-19 emergency order is supported by the record, we conclude the trial court enlarged the expert report deadline by sixty days when it denied the motion to dismiss, making the expert report served on Miller timely. *See id.*; *Rosemond*, 331 S.W.3d at 766. Thus, the trial court did not abuse its discretion by denying

8

Miller's motion to dismiss. *See Daybreak Cmty. Servs., Inc. v. Cartrite*, 320 S.W.3d 865, 873 (Tex. App.—Amarillo 2010, no pet.).

We overrule this issue.

### IV.    CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Delivered and filed on the
3rd day of November, 2022.